## DOCHENEY v. PENNSYLVANIA R. CO.
### No. 4840.

Circuit Court of Appeals, Third Circuit.
Aug. 4, 1932.

J. Thomas Hoffman and James G. Marks, both of Pittsburgh, Pa., for appellant.

Robert D. Dalzell and Dalzell, Dalzell, McFall & Pringle, all of Pittsburgh, Pa., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This suit was brought against the Pennsylvania Railroad Company under the Federal Employers' Liability Act (45 USCA §§ 51–59) and the Safety Appliance Act (45 USCA § 1 et seq.) to recover damages for personal injuries to the plaintiff, a brakeman employed by the Crucible Steel Company, upon the claim that, at the time of the accident, he was engaged in performing duties of the Railroad Company which could not be delegated. The facts, as developed in the testimony for the plaintiff at the trial and the conclusions of law thereon, as set out in the opinion of the trial judge, are as follows[1]:

"The plaintiff is not an employee of the defendant corporation; he was employed as a railroad brakeman by the Crucible Steel Company, which operates a plant lying on both sides of the tracks of the Pennsylvania Railroad Company in Pittsburgh. The Crucible Steel Company has considerable trackage on its own property, and owned and operated a locomotive for the purpose of switching cars within its plant. This engine also went out on the defendant company's railroad lines for the purpose of moving cars from the nearby yard of the Railroad Company under certain conditions. None of these conditions existed at the time of the accident.

"The injuries for which the plaintiff brings this suit occurred in this fashion. While moving the Crucible Steel Company's locomotive from one plant to another, it was necessary to move it across the railroad tracks; and this required the use of the tracks of the defendant company. To clear the switch to the track leading into the plant into which it was desired to move the loco-

motive, necessitated the pushing of some freight cars that stood on a siding of the Railroad Company. The same engine-crew that was then operating the locomotive of the Steel Company had, earlier in the day, placed these two cars on this siding, and left them there. Now, in moving these cars for the purpose of uncovering the switch leading into the Steel Company's plant, the engine crew pushed them too far along the siding and blocked a public street crossing; and in clearing the crossing of these cars, the plaintiff was injured in trying to uncouple them, as a result of his stepping into a hole in the right of way at the end of a tie. There was evidence that the defendant's section men had been working there a few days before.

"The plaintiff claims that the lift-lever on one of these cars placed on the siding failed to operate; that he was injured as a result of that failure; and that he was within the Federal Employers' Liability Act and the Safety Appliance Act, because he was employed in the nondelegable work for the Pennsylvania Railroad Company.

"Under these facts, we are unable to find that the plaintiff was an employee of the Railroad Company within the purview of these acts. He was injured purely in the business of his employer, The Crucible Steel Company, in moving one of its engines over the tracks of the Railroad Company, as a means of passage from one plant of the Steel Company to another. In this movement, no work was being done for the Railroad Company. The same engine crew had, earlier in the day, delivered the cars in question to the point where they were standing, but, in moving them at the time of the accident, they were moving the cars, not for the business and convenience of the Railroad Company, but for the purposes and business of the Steel Company in getting the engine from one point to another.

"We cannot see that in any sense the plaintiff was an employee of the Railroad Company; and therefore, the case of Linstead v. C. & O. Railway, 276 U. S. 28 [48 S. Ct. 241, 72 L. Ed. 453], has no application to the instant case. In the Linstead Case, the injured employee of the Big Four Railroad was injured while operating along a stretch of railroad tracks belonging to the C. & O. Railway, and carrying on regular railroad work over that stretch of track. In this case, the plaintiff was an employee of a private corporation, not a public carrier, engaged in getting the company's privately owned engine from one plant-yard to an-

---

[1] Opinion here quoted in full.

810

other. Surely he was doing no work for the Pennsylvania Railroad Company in any way. It was of no advantage to the Pennsylvania Railroad Company to have these two certain cars moved so as to uncover this switch; the whole movement of these two cars was taken solely for the convenience of the private employer of the plaintiff in getting its own switch-engine into one of its own private yards."

The record contains the additional facts that the Steel Company and the Railroad Company had an agreement by the terms of which the Steel Company supplied motive power, together with as many men as were necessary for the purpose of switching cars about the plant of the Steel Company and between that plant and the interchange tracks of the Railroad Company; that the Steel Company was given a preferential tariff as payment for the use of its locomotives and men; that the plaintiff was employed by the Steel Company as a brakeman, and, after passing an examination by the Railroad Company's trainmaster, was qualified to do shifting work over the Railroad Company's tracks; that the Railroad Company supplied the plaintiff with a book of rules, switching keys, flags, fuses, and train schedule; and that, when working upon the Railroad Company's tracks, the plaintiff was subject to the supervision of the railroad's trainmaster or yardmaster. Upon the facts thus established, the trial judge directed a verdict for the defendant.

It is contended by the plaintiff that, because his fitness to do the work was determined by the Railroad Company and he was subject to its rules and under the supervision of its trainmaster or yardmaster in shifting cars for the Steel Company, the work in which he was engaged at the time he received his injuries, he became ipso facto an employee of the Railroad Company. In spite of the earnest argument advanced by the plaintiff that, under the authority of Linstead v. C. & O. Railway, supra, the case should have been submitted to the jury, we agree with the learned trial judge that that case has no application to the facts developed at the trial.

While the plaintiff was subject to regulations, orders, and discipline imposed by the Railroad Company, that was for the purpose of co-ordinating the movements of cars being shifted over the Railroad Company's tracks from one part of the Steel Company's plant to another, but the actual control of the Steel Company's employees in doing the work was retained by their employer, the Steel Company. The regulations, orders, and discipline imposed by the Railroad Company were necessary for insuring safety to both corporations and their employees, in carrying out the purposes of the agreement concerning the use of the Railroad Company's tracks. The court below rightly held that the plaintiff did not, by reason of compliance with such regulations, become an employee of the Railroad Company. The case is ruled by Hull, Administratrix, v. Phila. & Reading Ry. Co., 252 U. S. 475, 40 S. Ct. 358, 64 L. Ed. 670.

We find no error on the part of the court below.

Judgment affirmed.