Anthony DE PAOLA, Jr.

v.

NEW YORK, NEW HAVEN & HARTFORD RAILROAD COMPANY.

Civ. No. 8217.

United States District Court
D. Connecticut.

Oct. 4, 1961.

to proceed under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60. The only question before the court, therefore, is whether a genuine issue of fact exists with respect to this contention. The court should not grant a motion for summary judgment unless it is fully satisfied that there is an absence of a genuine and material fact issue. Kimble v. Anderson-Tully Co., D.C.E.D.W.D.Ark. 1955, 16 F.R.D. 502.

Whether an injured party is an employee within the meaning of the F.E. L.A. has long been held to be one which must be decided upon the particular facts, since no one feature is ordinarily determinative. Cimorelli v. New York, Central R. Co., 6 Cir., 1945, 148 F.2d 575, 577.

In pressing the argument that the case before the court is one where the jury should be allowed to weigh the facts plaintiff relies to a great extent upon the recent statement of the Supreme Court in Baker et al. v. Texas & Pacific Railway Co., 1959, 359 U.S. 227, 228, 79 S.Ct. 664, 665, 3 L.Ed.2d 756,

> "Although we find no decision of this Court that has discussed the matter, we think it perfectly plain that the question (i. e. of employment), like that of fault or of causation under the Act, contains factual elements such as to make it one for the jury under appropriate instructions as to the various relevant factors under law."

However, the Court does go on further in the next sentence to say,

> "Only if reasonable men could not reach differing conclusions on the issue may the question be taken from the jury."

Consequently, the Court has not foreclosed the possibility of a summary judgment where the conclusions to be drawn from the facts are so clear that no reasonable men could differ on the result. Bordonaro v. Westinghouse Electric Corp., 2 Cir., 1961, 287 F.2d 954, 956.

Defendant has cited several cases in which it was determined, as a matter of law, that the plaintiff could not be considered an employee: Schiemann v.

---

Joseph J. Mager, East Haven, Conn., for plaintiff.

Thomas S. Conlon, New Haven, Conn., for defendant.

BLUMENFELD, District Judge.

The defendant has moved for summary judgment. The petitioner railroad's contention is that the plaintiff was not its employee at the time he was injured and for this reason is not entitled

Grace Line, Inc., 2 Cir., 1959, 269 F.2d 596 (a case arising under the Jones Act, 46 U.S.C.A. § 688); Del Vecchio v. Pennsylvania R. R. Co., 3 Cir., 1956, 233 F.2d 2, certiorari denied 1956, 352 U.S. 909, 77 S.Ct. 146, 1 L.Ed.2d 117; Docheney v. Pennsylvania R. R. Co., 3 Cir., 1932, 60 F.2d 808, certiorari denied 1932, 287 U.S. 665, 53 S.Ct. 222, 77 L.Ed. 573; Kelly v. Pennsylvania R. R. Co., 3 Cir., 1957, 245 F.2d 408, certiorari denied 1957, 355 U.S. 892, 78 S.Ct. 265, 2 L.Ed. 2d 190.

■ The existence of a legal relationship of employer and employee (formerly called master and servant) between two persons depends upon whether the former has the right to direct, control and supervise the latter in the performance of his work. In Byrne v. Pennsylvania R. Co., 3 Cir., 1959, 262 F.2d 906, 913, certiorari denied, 1959, 359 U.S. 960, 79 S.Ct. 798, 3 L.Ed.2d 766, the applicable test was stated as follows:

"The ultimate question is who could control the manner of the employees doing the work; who had the right to control, not who actually did."

It also pointed out:

" * * * the phrase 'right to control' is not a single magical solvent, for 'the right to control' must be considered in the light of other incidents relating to the work performed." (supra) 262 F.2d at page 912.

In determining whether the right to control existed in this case, the plaintiff claims that there are various relevant factors to be considered, many of which present issues of fact.

■ The criteria which the plaintiff is entitled to have considered when the test is applied have been recently set forth in Ward v. Atlantic Coast Line Railroad Co., 1960, 362 U.S. 396, 398 footnote 1, 80 S.Ct. 789, 791, 4 L.Ed. 820, in which a jury charge in the following language was approved:

"The primary factor to be considered is whether or not the Railroad had the power to direct, control and supervise the plaintiff in the performance of his work *at the time he was injured*. Other relevant factors to be considered are: who selected and engaged the plaintiff to perform the work; who furnished the tools with which the work was performed; who paid the plaintiff his wages for the performance of this work; the amount of scale of such wages; and who had the power to fire or dismiss the plaintiff from the work. (4 L.Ed.2d at p. 822, footnote 1.) [See also Restatement of Agency § 220]."

In this case, that frame of reference is sharply delineated. The plaintiff was in the regular employ of T. A. D. Jones & Co., Inc. He admits that for the period of his hospitalization and until the present he claimed and received Workmen's Compensation payments from T. A. D. Jones & Co., Inc. as its "employee" (De-Paola page 7). But, without denying the existence of that relationship, he alleges in his complaint that at the time when he sustained the injuries for which he makes a claim for damages he was an ad hoc employee [i. e. with respect to this particular episode] of the defendant working in furtherance of the defendant's business in freight service assisting the engine and train crews serving the industrial plants of the Armstrong Rubber Company, Atlantic Refining Co., New Haven Terminal and others at their plants, terminals and other places of business at New Haven, Connecticut.

On September 12, 1957, when the injury to the plaintiff occurred, the switch engine owned by the T. A. D. Jones & Co., Inc. was undergoing repairs on the private siding of the T. A. D. Jones & Co., Inc. The repairs were being made by employees of Cummins Diesel Engines of New Haven Connecticut, Inc. who had sold the engine to T. A. D. Jones & Co., Inc. Maselli, a locomotive engineer, employed by Jones to operate its switch engine, and the plaintiff, also employed by Jones to work as the brakeman

on this engine under Maselli's direction and supervision in the operation of that engine, had been instructed by their supervisors in the T. A. D. Jones Co., Inc. to assist the employees of Cummins in making the repairs when requested to so do. It was while the plaintiff and Maselli were rendering assistance to the Cummins men in making repairs to the Jones engine that the plaintiff was injured.

■ Using the pleadings, depositions and affidavits in a light most favorable to the plaintiff, the following pertinent facts are undisputed: The plaintiff was not hired by the defendant; he was not on the defendant's payroll; he was not being paid by the defendant; he was not subject to discharge or dismissal by the defendant; he was not working on the defendant's premises at the time he was injured; he was not using the defendant's tools or equipment at the time he was injured; the defendant did not furnish any material for the repairs; he was not doing any work the defendant was required to do at the time of the injuries; Cummins Diesel Engines was not an agent of the defendant, none of the defendant's employees were present, nor was he under the supervision of the defendant or any of its employees at the time of the injury. The conclusion that plaintiff was not an employee of the defendant at the time he sustained the injuries for which he claims damages is so clear from the foregoing pertinent facts no reasonable men could differ on the result.

Because the plaintiff's injuries were not suffered while he was employed by the defendant carrier he may not avail himself of the benefits of § 56 of the Federal Employers' Liability Act and since both the plaintiff and the defendant are citizens of the State of Connecticut, this court lacks jurisdiction.

Judgment may be entered dismissing the plaintiff's complaint on the ground that he did not suffer the injuries complained of while he was employed by the defendant.