Denia M. FAWCETT, Administratrix of the Estate of Floyd S. Fawcett

v.

MISSOURI PACIFIC RAILROAD COMPANY.

Civ. A. No. 8914.

United States District Court
W. D. Louisiana,
Lake Charles Division.

Opinion Jan. 24, 1963.

Findings of Fact and Conclusions of Law Feb. 13, 1965.

Bass & Lawes, Lake Charles, La., for plaintiff.

Stewart & Bond, Lake Charles, La., for defendant.

HUNTER, District Judge.

This suit is under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60. Plaintiff brings it for the benefit of herself as widow, and for the benefit of her minor child, Shelly Anne Fawcett, age 13, both dependents of decedent (Floyd S. Fawcett).

Defendant, Missouri Pacific Railroad Company, has moved for summary judgment pegged on the proposition that the deceased, Fawcett, was not its employee at the time he was killed. The sole question is: Does a genuine issue of fact exist with respect to this contention?

When the motion first came on for argument, the Court deferred ruling and set it for a hearing. This was done to afford petitioners an opportunity to prove the existence of a factual dispute. Testi-

mony was adduced and the matter is now here on the basis of the pleadings, the exhibits, the affidavits, and the oral testimony.

The record reveals that Fawcett was not, on the date of his death, nor was he ever, prior to said time, in the employ of the defendant. Admittedly, his regular employment was with the Missouri Pacific Truck Lines, Inc., a wholly owned subsidiary of defendant. The trucking company has an entirely separate corporation with its own officers and board of directors. It has a contract with defendant under which it transports freight over the highways rather than by rail.

At the time of his death (1) Fawcett was *not* hired by the railroad; (2) he was *not* on the railroad payroll; (3) he was *not,* in fact, paid by the railroad; (4) he was *not* subject to discharge by the railroad; (5) he was upon the railroad premises, but these premises were the subject of a lease agreement between the railroad and Fawcett's employer; (6) he was *not* using the railroad's tools; (7) the railroad furnished no material; (8) he was *not* doing work the railroad was required to do. His work consisted of loading and unloading which the consignee would otherwise do, in assisting in the transport of freight by highway transport for which the railroad was not licensed to do; (9) none of the railroad's employees were present at the time Fawcett met his death; and (10) none of the railroad employees had any supervision of Fawcett or his supervisors.

Plaintiff energetically urges that the jury should be permitted to decide whether or not Fawcett was in fact an employee of the railroad within the meaning of the Federal Employers' Liability Act. Reliance is placed on Baker, et al v. Texas & Pacific Railway Co., 1959, 359 U.S. 227, 79 S.Ct. 664, 3 L.Ed.2d 756. However, the Supreme Court there did not foreclose the possibility of summary

judgment in cases where "reasonable men could not reach differing conclusions on the issue."

By brief plaintiff argues that there are three possibilities of a workman coming under the coverage of the Federal Employers' Liability Act:

1. The worker is hired by the railroad, on its payroll, and under the railroad's direction and control.

2. The worker is hired by someone else other than the railroad, but was under the direction, supervision and/or control of the railroad.

3. The worker is an employee of an adjunct or agent of the railroad.

Admittedly, the first two situations are not involved. Fawcett was working for the trucking company, on its payroll, and was not under the direction, supervision or control of the railroad.

There remains the third possibility, and there plaintiff relies primarily on Cimorelli,[1] Roth,[2] and Barlion.[3] In those cases the contracts involved were cost plus and there was evidence that the railroads exercised some actual control and supervision of the performance of the services. Here, there was no control. The trucking company had an independent status and Fawcett was its bona fide employee.

As we analyze it, plaintiff's real contention is that because the trucking company is a wholly owned subsidiary of the defendant, it, the trucking company was the alter ego, adjunct, subsidiary agent, and instrumentality of the railroad. The jurisprudence as we read it is to the contrary. Atlantic Coastline R. R. Co. v. Shields, 5th Cir., 1955, 220 F.2d 242; Garrett v. Southern R. R. Co., 6th Cir., 1960, 278 F.2d 424; Kentucky Electric Power Co. v. Norton Coal Mining Co., 6th Cir., 1938, 93 F.2d 923; Taylor v. Standard Gas & Electric Co., 10th Cir., 1938, 96 F.2d 693. In a carefully con-

1. Cimorelli v. New York City R. R. Co., 6th Cir., 1945, 148 F.2d 575.

2. Pennsylvania R. R. Co. v. Roth, 6th Cir., 1947, 163 F.2d 161, certiorari denied 332 U.S. 830, 68 S.Ct. 208, 92 L.Ed. 404.

3. Pennsylvania R. R. Co. v. Barlion, 6th Cir., 1949, 172 F.2d 710.

sidered opinion in the Kentucky Electric Power case, the Sixth Circuit stated:

"Upon the issue of whether or not the control by Southern of Lenoir was of such character as to constitute the latter a mere adjunct of the former, the court held that no such control was evident. The following cases were cited: Kentucky Electric Power Co. v. Norton Coal Mining Co., 6 Cir., 93 F.2d 923; Atlantic Coast Line v. Shields, 5 Cir., 220 F.2d 242, 246; Taylor v. Standard Gas & Electric Co., 10 Cir., 96 F.2d 693.

"In Kentucky Electric Power Company v. Norton Coal Company, supra, 93 F.2d at page 926, this court said: 'On the other hand, it is likewise well settled that a corporation is ordinarily an entity, separate and apart from its stockholders, and mere ownership of all the stock of one corporation by another, and the identity of officers of one with officers of another, are not alone sufficient to create identity of corporate interest between the two companies or to create the relation of principal and agent or to create a representative or fiduciary relationship between the two. If such stock ownership and potential control be resorted to only for the purpose of normally participating in the affairs of the subsidiary corporation in a manner usual to stockholders and not for the purpose of taking some unfair advantage of the subsidiary or using it as a mere adjunct to the main corporation or as a subterfuge to justify wrongdoing, their identity as separate corporations will not be disregarded but their respective rights when dealing with each other in respect to their separate property will be recognized and maintained. The extent of stock ownership and mere potential control of one company over another has never been regarded as the determining factor in the consideration of such cases. Some-

thing must be disclosed to indicate the exercise of undue domination or influence resulting in an infringement upon the rights of the subservient corporation for the benefit of the dominant one. Otherwise, the rights of the separate corporations in respect to their corporate property must be governed by the rules applicable in ordinary cases."

■ We think this is a correct statement of the law. We adopt it. Plaintiff has alerted us to avoid intercompany arrangements drawn to avoid federal jurisdiction under the FELA. We find nothing here indicative of such a purpose, but we point out as did the Third Circuit (Shaw v. Monessen Southwestern R. R. Co., 200 F.2d 841) that we should also be alert to avoid the extension of a statute applicable to railroad employees in interstate transportation to cover those engaged in other occupations. Such an extension might well deprive a widow and children, as it would here, of their rights under a state compensation act where their right of recovery would not depend upon proof of negligence.

■ Considering the pleadings, the affidavits, the exhibits and the testimony most favorable to the plaintiff, we conclude that the deceased was not an employee of the defendant at the time he met his death. To my fallible judgment, this is so clear that no reasonable man could differ with this conclusion. Therefore, summary judgment should be granted. It is.

Counsel for defendant will, within twenty days, submit findings of fact and conclusions of law in conformity herewith.

### FINDINGS OF FACT

(1) On December 4, 1961, Floyd S. Fawcett died as a result of being crushed between two truck trailers on a flat car being loaded on a railroad siding at Kinder, Louisiana, owned by Missouri Pacific Railroad Company.

(2) At the time of his death decedent was an employee of Missouri Pacific Freight Transport Company.

(3) At the time of his death Fawcett was not hired by the railroad; he was not on the railroad payroll; he was not, in fact, paid by the railroad; he was not subject to discharge by the railroad; he was upon the railroad premises, but these premises were the subject of a lease agreement between the railroad and Fawcett's employer; he was not using the railroad's tools; the railroad furnished no material; he was not doing work the railroad was required to do. His work consisted of loading and unloading which the consignee would otherwise do, in assisting in the transport of freight by highway transport for which the railroad was not licensed to do; none of the railroad's employees were present at the time Fawcett met his death; and none of the railroad employees had any supervision of Fawcett or his supervisors.

(4) Missouri Pacific Railroad Company is a corporation organized and existing under the laws of the State of Missouri.

(5) Missouri Pacific Freight Transport Company is a corporation organized and existing under the laws of the State of Texas.

(6) Missouri Pacific Railroad Company owns all the outstanding stock of Missouri Pacific Freight Transport Company.

(7) Missouri Pacific Freight Transport Company has eleven officers; Missouri Pacific Railroad Company has forty-eight officers; five of the officers of the Freight Transport Company, being the Treasurer, Secretary, Assistant Secretary, Controller and Vice President of Finance, are also officers of the Railroad Company. The Freight Transport Company has seven Directors and the Missouri Pacific Railroad Company fifteen. Three of these men are on the Boards of both companies.

## CONCLUSIONS OF LAW

(1) The Court's jurisdiction is based upon the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60.

(2) Generally, a workman employed primarily by someone else than a railroad can only be considered an employee of the railroad within the meaning of the Federal Employers' Liability Act if he was under the direction, supervision and/or control of the railroad or its employees. Cimorelli v. New York City R. R. Co., 6th Cir., 1945, 148 F.2d 575; Pennsylvania R. R. Co. v. Roth, 6th Cir., 1947, 163 F.2d 161, certiorari denied 332 U.S. 830, 68 S.Ct. 208, 92 L.Ed. 404; Pennsylvania R. R. Co. v. Barlion, 6th Cir., 1949, 172 F.2d 710.

(3) A corporation is ordinarily an entity, separate and apart from its stockholders, and mere ownership of all of the stock of one corporation by another and the identity of officers of one with officers of another are not alone sufficient to create identity of corporate interests between the two or the relation of principal and agent between them. Atlantic Coastline R. R. Co. v. Shields, 5th Cir., 1955, 220 F.2d 242; Garrett v. Southern R. R. Co., 6th Cir., 1960, 278 F.2d 424; Kentucky Electric Power Co. v. Norton Coal Mining Co., 6th Cir., 1938, 93 F.2d 923; Taylor v. Standard Gas & Electric Co., 10th Cir., 1938, 96 F.2d 693.

(4) Since the decedent was not an employee of the Railroad, and his employer was not an adjunct or "alter ego" of the Missouri Pacific Railroad Company within the meaning of the FELA, plaintiff has no cause of action under the Statute, and defendant is entitled to summary judgment. It is so ordered, on this the 12th day of February 1963.

The Court's written opinion dated January 23, 1963 is made a part hereof. The formal judgment herein should set forth the fact that this matter was set down for a hearing and oral evidence adduced on the question of employment.