**Frank J. HUNTER, Plaintiff,**

v.

**MISSOURI–KANSAS–TEXAS RAILROAD COMPANY, a Corporation, and St. Louis-San Francisco Railway Company, a corporation, Defendants.**

**Civ. No. 6163.**

United States District Court
N. D. Oklahoma.

Sept. 2, 1966.

Roehm A. West, Tulsa, Okl., Clem H. Stephenson, Seminole, Okl., for plaintiff.

Rainey, Flynn, Welch, Wallace, Ross & Cooper, Oklahoma City, Okl., for defendant Missouri-Kansas-Texas R. Co.

Franklin, Harmon & Satterfield Oklahoma City, Okl., for defendant St. Louis-San Francisco Ry. Co.

## ORDER

DAUGHERTY, District Judge.

Pursuant to the Order of this Court filed herein on March 22, 1966, an evidentiary hearing was conducted on August 30, 1966 on the issue of fact joined herein by the plaintiff's Motion to Remand, said issue pertaining to the alleged fraudulent joinder as a defendant herein of the Missouri-Kansas-Texas Railroad Company, hereinafter called Katy Railroad, by the plaintiff alleging that he was, at the time of his injury involved herein, an employee of the Katy Railroad and entitled to proceed against it in this case under the Federal Employers' Liability Act, hereinafter called FELA. 45 U.S.C. §§ 51–60.

In the aforementioned order of this Court, it was determined that the plaintiff in this case has brought suit against the Katy Railroad under the FELA and against the other defendant, the St. Louis-San Francisco Railway Company, hereafter called Frisco Railway, on a non-FELA claim. A single injury to the plaintiff is involved. The Court in said order further determined that under these conditions, the FELA claim, having been filed in a state court, was not removable nor was the case removable by reason of a FELA claim being joined with a non-FELA claim against the other defendant, Frisco Railway. Both defendants, however, in connection with their removal and the motion to remand, have asserted that the plaintiff has fraudulently joined the Katy Railroad as a defendant under a FELA cause of action claiming that he was an employee of the Katy Railroad when he was injured when in fact, such is not true, and said joinder, under a FELA claim, was made by the plaintiff for the purpose of preventing the removal of the case against the other defendant, the Frisco Railway, to the Federal Court.

From the evidentiary hearing conducted on the fraudulent joinder issue, the Court finds from the evidence, as follows:

The plaintiff was in the general employment of the Halliburton Oil Well Cementing Company, hereafter called Halliburton, at Cushing, Oklahoma, and has been for approximately 16 years. He is still employed by Halliburton. His assigned work was the unloading of materials at the Halliburton plant at Cushing. The plaintiff was and is paid by Halliburton as an employee. A railroad spur of the defendant Katy Railroad, serves the Halliburton plant and in connection with the injury involved herein, Katy Railroad had spotted a hopper car loaded with bulk cement for unloading at the Halliburton plant. This car was spotted by Katy Railroad on September 9, 1963. The plaintiff Hunter as an employee of Halliburton and as a part of his duties was to unload this and similar railroad cars. Halliburton furnished the plaintiff with a winch and a winch line with which to move spotted railroad cars at the unloading point, either when the

cars were completely unloaded or to move the hopper cars as necessary, so that each compartment would be situated over the augur used in the unloading of bulk cement from the cars. It appears that on September 11, 1963, while engaged in unloading and moving the car spotted by Katy Railroad on September 9, 1963, plaintiff Hunter suffered an accident.

The Court further finds from the evidence that the defendant Katy Railroad did not unload the car in question at the Halliburton plant and had never unloaded any such cars at the Halliburton plant; that according to the applicable tariffs imposed on the railroad industry, Katy Railroad, for the car in question made and collected charges fixed by the tariffs for the delivery of the car without the Katy Railroad unloading the same. A larger charge was required by the tariffs if Katy Railroad unloaded the car.

The Court further finds that defendant Katy Railroad had no connection with the railroad car involved from the time it spotted the car at the Halliburton plant on September 9, 1963, until September 12, 1963, when pursuant to a call from Halliburton they went to the Halliburton spur and rerailed the car, the same having previously been derailed on the Halliburton spur not due to any action on the part of Katy Railroad.

■ The Court further finds from the evidence that the plaintiff Hunter was never employed by the Katy Railroad, never received any pay from Katy Railroad, was never controlled by Katy Railroad and never received any instructions from Katy Railroad regarding the unloading of the car in question. Further, that Katy Railroad had no contract with Halliburton regarding instructions to Halliburton employees for the unloading of railroad cars; that no formal instructions were ever given by Katy Railroad and the most that ever occurred may have been some informal advice by an employee of the Katy Railroad to some of the Halliburton employees, including the plaintiff, about the moving of the

cars and the handling of brakes and couplers. The Court further finds from the evidence that the plaintiff was not a loaned servant from Halliburton to Katy Railroad. 1 A.L.R.2d 302.

The plaintiff testified that he had worked for Halliburton for 16 years and was paid by Halliburton; that he had only Halliburton supervisors; that nobody really instructed him on how to move railroad cars; that he moved the same using a winch and line furnished by Halliburton. It also appears from the evidence that the plaintiff Hunter filed a claim against Halliburton in the Oklahoma State Industrial Court involving this injury in which over his signature he stated that he, at the time of the injury involved herein, was an employee of Halliburton.

■■ From the foregoing factual findings made by the Court, the Court concludes that the plaintiff Hunter was not in the employment of the Katy Railroad at the time of his injury when moving the railroad car involved, or at any other time, so as to render the Katy Railroad liable under the Federal Employers' Liability Act. Docheney v. Pennsylvania R. Company (Third Cir. 1932), 60 F.2d 808, cert. denied 287 U.S. 665, 53 S.Ct. 222, 77 L.Ed. 573; 1 A.L.R.2d 302. The Court further concludes that in these circumstances, the joinder of Katy Railroad as a defendant by the plaintiff under the FELA based on the claim of the plaintiff that he was, at the time of his injury, an employee of the Katy Railroad is deemed wholly unsupported by the facts and law and is a fraudulent joinder made without merit or justification but for the purpose of preventing the removal of the case against Frisco Railway to Federal Court. Dodd v. Fawcett Publications, Inc. (Tenth Cir. 1964) 329 F.2d 82; McLeod v. Cities Service Gas Company (Tenth Cir. 1956) 233 F.2d 242.

As a consequence, from the foregoing findings and conclusions, the cause of action of the plaintiff as alleged against the defendant Katy Railroad should be

**23**

dismissed for failure of same to support a claim against the defendant Katy Railroad upon which relief may be granted; that the Motion to Remand filed herein by the plaintiff should be denied and the case retained by this Court as to the issues joined between the plaintiff and defendant Frisco Railway, this cause of action being properly removed to Federal Court with the joinder of the Katy Railroad as a defendant being found fraudulent as aforesaid.

Accordingly, the plaintiff's FELA cause of action against the defendant Missouri-Kansas-Texas Railroad Company is dismissed as a fraudulent joinder herein as aforesaid, and the plaintiff's Motion to Remand is denied. The cause between the plaintiff and the defendant Frisco Railway is placed on the pre-trial list.