Peter CIACCIO, Plaintiff,

v.

**NEW ORLEANS PUBLIC BELT RAIL-ROAD COMMISSION and Lykes Brothers Steamship Company, Defendants.**

Civ. A. No. 15477.

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 3, 1968.

John J. Cummings, III, Robert K. Tracey, New Orleans, La., for plaintiff.

Charles W. Lane, III, of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for defendant City of New Orleans through Public Belt R.R. Commission.

## MEMORANDUM OF REASONS

COMISKEY, District Judge.

The plaintiff, Peter Ciaccio, instituted this civil action against the New Orleans Public Belt Railroad Commission and Lykes Brothers Steamship Company, Inc., claiming damages for personal injury sustained on September 17, 1964 on the Nashville Avenue Wharf in the City of New Orleans. Plaintiff's cause of action is predicated upon the applicability of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and the Safety Appliance Acts, 45 U.S.C.A. § 1 et seq. The plaintiff alleges that at the time of his accident he was an employee of either or both of the defendants performing the duties of a railroad worker in the furtherance of interstate commerce.

Lykes Brothers Steamship Company, Inc., has previously filed a motion for summary judgment on the grounds that it was not an employer within the purview of the Federal Employers' Liability Act and/or the Safety Appliance Act. After considering the affidavits submitted by Lykes Brothers, the plaintiff's deposition, and the uncontroverted statement of material fact submitted by Lykes Brothers, the Court granted the Lykes' motion for summary judgment, being of the opinion that the record clearly showed that Lykes Brothers did not hold itself out to the public as a common carrier by rail and could therefore not be held responsible under the Federal Employers' Liability Act and/or the Safety Appliance Act. A memorandum of reasons in support of the Court's ruling on the Lykes' motion was previously filed in these proceedings on June 11, 1968, 285 F.Supp. 373.

The plaintiff contends, with respect to the New Orleans Public Belt Railroad, that he was a borrowed servant of the Railroad at the time of his accident. The plaintiff takes the position that the work being done by him at the time of his accident, i. e. moving rail cars on the Nashville Avenue Wharf apron to facilitate the unloading of a Lykes Brothers ship, was the type of work usually performed by railroad workers and that, accordingly, he should be afforded the protection of the Federal Acts pertaining to railroad workers.

The defendant, New Orleans Public · Belt Railroad Commission, has filed a motion for summary judgment contending that the material and undisputed facts, presented by affidavit, deposition, and answers to interrogatories clearly show that plaintiff was not a direct or constructive employee of the railroad at the time of his accident.

The Court has concluded that summary judgment should be granted in favor of the defendant railroad in that there is simply no genuine issue as to any material fact concerning the plaintiff's employment status at the time of his accident. It is abundantly clear that plaintiff was at all times an employee of Lykes Brothers Steamship Company, under the direction, supervision and control of Lykes Brothers Steamship Company at the time of his accident.

On the evening of September 16, 1964 and the early morning hours of September 17, 1964, plaintiff, Peter Ciaccio, was working as a longshoreman for Lykes Brothers Steamship Company, Inc., on the Nashville Avenue Wharf in the City of New Orleans. His assigned duties on the dates in question included the driving of a diesel tractor owned by Lykes Brothers and utilized by Lykes Brothers to move railroad gondola cars on the outer apron of the wharf in order

to facilitate the loading and unloading of ships by the Lykes Brothers stevedoring department. At approximately 2:50 A.M. on September 17, 1964, plaintiff, in the course of his employment for Lykes Brothers and using the diesel tractor furnished to him by Lykes Brothers, pulled one gondola rail car in an upriver direction away from the vessel being unloaded and then proceeded to hook onto another partially loaded gondola rail car in order to bring same towards shipside for further loading. As plaintiff was pulling the second gondola rail car, with a chain hooked between the diesel tractor and the rail car, the gondola car in question gained momentum and speed and overtook the tractor, causing the tractor to overturn and causing injury to plaintiff.

Lykes Brothers Steamship Company, Inc., as an adjunct to its steamship operations, operates a stevedoring department to conduct the loading and unloading of vessels in the Port of New Orleans. On those occasions when cargo is to be loaded directly from a ship into a rail gondola car, employees of Lykes Brothers are often required to reposition the gondola rail cars along the side of the ship at the wharf to facilitate loading and unloading. The movement of rail cars by Lykes Brothers on the wharf apron to and from shipside, is done solely for the benefit and accommodation of Lykes Brothers.

The New Orleans Public Belt Railroad places rail cars on the Nashville Avenue Wharf, upon request, and upon completion of loading or unloading of the rail cars in question, removes the rail cars and delivers same to line haul carriers at various staging points in the City of New Orleans. The rail car involved in plaintiff's accident was placed on the Nashville Avenue Wharf by the New Orleans Public Belt Railroad during the evening hours of September 16, 1964. This rail car was removed from the Nashville Avenue Wharf by the Public Belt Railroad during the evening hours of September 17, 1964. There were no employees, agents or representatives of the New Orleans Public Belt Railroad on the Nashville Avenue Wharf at the time of the plaintiff's accident and no employee, agent or representative of the New Orleans Public Belt Railroad moved or in any manner directed the movement of the rail car in question between the time it was placed on the wharf and the time it was removed from the wharf as aforesaid. In addition, no employee, agent or representative of the New Orleans Public Belt Railroad was in any way involved with the loading, unloading or movement of the rail car by Lykes Brothers personnel on September 17, 1964.

Plaintiff was injured while performing work in the course and scope of his employment with Lykes Brothers Steamship Company, Inc. His regular assigned duty on the night in question was to drive a diesel tractor and to move rail cars into position for the loading of cargo from the Lykes Brothers ship. The movement of the rail cars was at the instance of Lykes Brothers and for the sole benefit and accommodation of Lykes Brothers and plaintiff was at all times under the direct supervision and control of Lykes Brothers personnel. Plaintiff was not, at the time of this accident, under the supervision, direction or control of the New Orleans Public Belt Railroad. Nor did the Public Belt Railroad have the power to direct, control or supervise the plaintiff in the performance of the work he was doing at the time he was injured.

██ In order for plaintiff to recover damages from the New Orleans Public Belt Railroad Commission for his alleged injuries under the Federal Employers' Liability Act and/or Safety Appliance Act he must have been an employee, either directly or constructively, of the Railroad at the time of his accident. Valentine v. South Coast Corp., 218 F.Supp. 148 (E.D.La.1963), aff'd 334 F.2d 244 (5th Cir.); Fawcett v. Missouri Pacific Railroad Co., 242 F. Supp. 675 (W.D.La.1965), aff'd 347 F.2d 233 (5th Cir.); Latsko v. National Carloading Corp. et al., 192 F.2d 905 (6th

Cir. 1951). The plaintiff, a regular employee of Lykes Brothers Steamship Company, Inc., could not be considered an employee of the defendant Railroad within the meaning of the Federal Employers' Liability Act and/or Safety Appliance Act unless he was under the direction, supervision or control of the defendant Railroad or its employees at the time of the alleged accident. Docheney v. Pennsylvania Railroad Co., 60 F.2d 808 (3rd Cir., 1932); Hunter v. Missouri-Kansas-Texas Railroad, 258 F. Supp. 20 (N.D.Okl.1966); De Paola v. New York, New Haven, Hartford Railroad Co., 198 F.Supp. 12 (D.Conn.1961); Fawcett v. Missouri Pacific Railroad Co., 242 F.Supp. 675 (W.D.La.), aff'd, 347 F.2d 233 (5th Cir.); Valentine v. South Coast Corp., 218 F.Supp. 148 (E.D. La.1963), aff'd 334 F.2d 244 (5th Cir.). The primary factor to consider is whether or not the Railroad had the power to direct, control or supervise the plaintiff in the performance of his work at the time he was injured. Other relevant factors to be considered are who engaged the plaintiff to perform the work; who furnished the tools to perform the work; who paid the plaintiff; and who had the power to fire or discharge the plaintiff. One primarily employed by another cannot be considered an employee of a railroad merely because the activity in which the individual is engaged in at the time of an injury is such that it might be characterized as work traditionally performed by railroads. Hetman v. Fruit Growers Express Co., 346 F.2d 947 (3rd Cir. 1965). The test is who had immediate control and supervision over the individual at the time of the injury. Shenker v. Baltimore & Ohio Railroad Co., 374 U.S. 1, 83 S.Ct. 1667, 10 L.Ed. 2d 709 (1963). After considering the affidavits submitted by the defendant Railroad, the plaintiff's deposition, the answers to interrogatories, the uncontroverted statement of material fact submitted by defendant Railroad, and the statements and admission of counsel contained in the record, the Court is constrained to conclude that there are simply no genuine issues as to any material fact regarding the plaintiff's employment status. He was in no sense an employee of the defendant Railroad at the time of his accident. Since the plaintiff was not an employee of the defendant Railroad within the meaning of the Federal Employers' Liability Act he has no cause of action under the Federal statutes involved and defendant Railroad is entitled to summary judgment.