ELLIS, Judge.
Plaintiff Leon Epps, alleging himself to be an employee of defendant Illinois Central Railroad Company, brought this suit under the provisions of the Federal Employers’ Liability Act, 45 U.S.C. § 51 et seq. He alleges that he was injured “in the course and scope of duties assigned to him and in the furtherance of the defendant, Illinois Central Railroad Company’s interest”, when he was struck in the head by the handle of a jack with which he was engaged in raising track.
A motion for summary judgment was filed by defendant, denying that plaintiff had any rights against it under the F.E.L.A. From a judgment sustaining the motion and dismissing his suit, plaintiff has appealed.
The facts surrounding the case, as established by the affidavits filed by both parties, and which are not in dispute, are as follows :
Plaintiff was an employee of Railway Construction Company, Inc., which had entered into a contract with Stupp Brothers Bridge & Iron Company to construct a spur track on its plant site. Materials were furnished by Stupp, which bought them from defendant. A switch engine with crew and some gondola cars, to be used in spreading ballast along the spur track, were rented from defendant. Defendant was in no other way involved in the construction of the spur track, which was wholly owned by Stupp. When on the premises, the train crew furnished by defendant were subject to the supervision and control of employees of Railway Construction Company. Neither the rented train nor its crew were on the premises on the day that plaintiff was injured.
Epps was employed by Railway Construction Company at the time of the accident, and the jack by which he was injured was the property of Railway Construction Company. He was directed in his work by supervisory personnel of his employer. He received workmen’s compensation benefits under the Louisiana law following his injury.
Plaintiff’s affidavit states that he was employed by Railway Construction Company, and that on several occasions while so employed, he assisted in returning to the track railroad cars owned and operated by defendant which had jumped the track. The equipment used to do this was attached to the side of the switch engine, and was taken therefrom by employees of Railway Construction Company and used by them under the direction and supervision of employees of defendant, to place the cars back on the track. He does not allege that he was so engaged when he was injured, nor does he dispute any of the other facts hereinabove set forth.
It is not disputed, therefore, that plaintiff was the employee of an independent *577 contractor engaged in construction of a spur track for a private corporation, and subject to no supervision or control by any of the employees of the defendant railroad. When injured, plaintiff was working with equipment owned by the contractor, and was doing work unrelated to any personnel or equipment belonging to the defendant.
Plaintiff has been unable to furnish any authority for finding an employer-employee relationship between the parties to this suit under the above circumstances. Plaintiff’s work was neither controlled by, for the benefit of or part of the regular operations of the defendant. Fawcett v. Missouri Pacific R. Co., D.C., 242 F.Supp. 675 (1965).
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.