Bernie **BIERMAN**, Plaintiff-Appellant,

v.

**TAMPA ELECTRIC COMPANY,**
Defendant-Appellee.

No. 74-1365.

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1974.

Rehearing Denied Jan. 15, 1975.

James M. Colomb, Jr., Roy F. Guste, J. Harrison Henderson, III, New Orleans, La., for plaintiff-appellant.

Robert B. Acomb, Jr., John J. Broders, New Orleans, La., for defendant-appellee.

Before GEWIN, AINSWORTH and GEE, Circuit Judges.

PER CURIAM:

The appellant Bierman, a resident of Arkansas, filed suit in the United States District Court for the Eastern District of Louisiana against Tampa Electric Company (Tampa), a corporation domiciled in Florida, alleging a breach of contract and violations of federal antitrust statutes. Bierman contends that the district court in Louisiana had jurisdiction of the case because Electro-Coal Transfer Corporation, a Louisiana corporation and a wholly owned subsidiary of Tampa, is the *alter ego* of its parent corporation. After a sufficient development of the pertinent facts, the district court dismissed the complaint for lack of *in personam* jurisdiction.

We have given careful consideration to the briefs, the contentions of the parties at oral argument and the record, and are firmly convinced that the order of dismissal was correct and should be affirmed. *See* Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct.

250, 69 L.Ed. 634 (1925); Markow v. Alcock, 356 F.2d 194 (5th Cir. 1966); McLean v. Goodyear Tire & Rubber Co., 85 F.2d 150 (5th Cir. 1936); Fawcett v. Missouri Pacific Railroad Co., 242 F. Supp. 675 (W.D.La.), aff'd, 347 F.2d 233 (1965); J. Moore, Federal Practice ¶ 4.25 [6], at 1174 (2d ed. 1974).

Judgment affirmed.