**Michael BROWN, Appellant,**

v.

**CSX TRANSPORTATION, INC., Appellee.**

**No. 1998–CA–000401–MR.**

Court of Appeals of Kentucky.

May 28, 1999.

Discretionary Review Denied by Supreme Court March 15, 2000.

James W. Owens, Paducah, Kentucky, for appellant.

David R. Monohan, Rebecca L. Didat, Louisville, Kentucky, for appellee.

Before: BUCKINGHAM, EMBERTON and HUDDLESTON, Judges.

*OPINION*

EMBERTON, Judge:

Michael Brown appeals from the summary dismissal of his claim for damages under the Federal Employers' Liability Act, 45 U.S.C., sec. 51, *et. seq.* In granting appellee's motion for summary judgment, the trial judge concluded that based upon the undisputed facts Brown had failed to establish that he was employed by CSX for the purposes of FELA. We agree and affirm.

Brown was injured on July 14, 1993, while working as an employee of Loram Maintenance of Way, Inc., an independent contractor which performs specialized ballast cleaning work for various railroads around the country and which had been hired by CSX to provide such services on the crushed stone which makes up the foundation for its tracks. The agreement between CSX and Loram stated that Loram would: (1) furnish the equipment and personnel to perform the cleaning operation; (2) provide supervisory personnel; (3) be responsible for the payment of wages, benefits, and taxes on its employees; (4) maintain workers' compensation coverage on its employees; (5) maintain and operate the equipment used in the cleaning operation; and (6) be designated an independent contractor and not an agent of CSX. Brown's claim that he was a constructive employee of CSX is predicated solely upon the fact that a CSX employee known as a pilot was directing the movement of the ballast cleaning machine along the tracks. In his deposition, Brown described the function of the CSX pilot as telling Loram employees "when, what and where, what to do. We couldn't do basically diddly without his say so." However, Brown further elaborated on the pilot's function as making sure that arrangements had been made for Loram's people and equipment to be on the tracks so as to avoid interference with train traffic and collisions between the trains and Loram equipment. At the time of Brown's injury, the nearest CSX pilot was about a quarter mile from the Loram work site.

Relying upon *Steelvest, Inc. v. Scansteel Service Center,* Ky., 807 S.W.2d 476 (1991), and its progeny, Brown argues that summary judgment was an inappropriate vehicle for resolving the issue of whether he could be considered to be a CSX employee. We disagree.

Application of the *Steelvest* standard requires a trial judge passing on a motion for summary judgment to consider the record in the light most favorable to the party opposing the motion. If the pleadings and all relevant discovery indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, Ky. R. Civ. P. (CR) 56.03 dictates that summary judgment should be granted. *Palmer v. International Ass'n of Machinists,* Ky., 882 S.W.2d 117 (1994). In adopting the standard set out in *Paintsville Hospital Co. v. Rose,* Ky., 683 S.W.2d 255 (1985), the *Steelvest* court indicated that "the proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor . . . ." 807 S.W.2d at 480. Because our review of the record in this case discloses no factual dispute which would preclude the entry of summary judgment, we turn to the issue of whether the trial judge correctly applied the law to those undisputed facts.

For guidance in applying federal statutory law to the facts of Brown's case, we

initially turn to federal case law for its interpretation of the employment relationship in similar cases. Consider, for example, the decision of the federal district court in *De Paola v. New York, New Haven & Hartford Railroad Company,* 198 F.Supp. 12 (1961), which summarily dismissed a complaint for failure to establish an employment relationship under almost identical circumstances. We thus deem instructive the analysis offered by the *De Paola* court for resolving such employment questions:

> The existence of a legal relationship of employer and employee (formerly called master and servant) between two persons depends upon whether the former has the right to direct, control and supervise the latter in the performance of his work. In *Byrne v. Pennsylvania R. Co.,* [3 Cir., 1959, 262 F.2d 906, 913], the applicable test was stated as follows: 'the ultimate question is who could control the manner of the employees doing the work; who had the right to control, not who actually did.'

198 F.Supp. at 14. The court continued its analysis by outlining the factors to be evaluated in making such a determination:

> The criteria which the plaintiff is entitled to have considered when the test is applied have been recently set forth in *Ward v. Atlantic Coast Line Railroad Company,* 1960, 362 U.S. 396, 398 footnote 1, 80 S.Ct. 789, 791, 4 L.Ed.2d 820, in which a jury charge in the following language was approved: 'The primary factor to be considered is whether or not the railroad had the power to direct, control and supervise the plaintiff in the performance of his work at the time he was injured. Other relevant factors to be considered are: who selected and engaged the plaintiff to perform the work; who furnished the tools with which the work was performed; who paid the plaintiff his wages for the performance of this work; the amount of scale of such wages, and who had the power to fire or dismiss the plaintiff from the work. ([362 U.S. at p. 400, 80 S.Ct. at p. 792], 4 L.Ed.2d at p. 822, footnote 1.) (See also Restatement of Agency 220).'

*Id.*

Applying these factors to the circumstances of Brown's employment, we are convinced that reasonable persons could conclude only that he was in Loram's employ at the time he sustained the injury. There is no question that the only contact CSX had with Loram's employees was in coordinating the times and places it would be safe for them to work on the track. Clearly, that does not constitute the element of "control of the manner of work" as contemplated by the cited cases.

Finally, we would add that our decision fully comports with the analysis used by the Kentucky Supreme Court is disposing of a similar employment question in *Barnes v. Chesapeake & O. Ry. Co.,* Ky., 593 S.W.2d 510, 513 (1978):

> The responsibility for operating the production line effort from beginning to end (alpha to omega) was that of Holland and not of C & O. C & O's participation in all respects was minimal and gratuitous and not by reason of its responsibility to do so.

> In the case at bar the trial court found as a matter of law that Holland was an independent contractor and that at the time of his injuries Barnes was an employee of Holland, not an employee of C & O, and was not entitled to the benefits of FELA. This finding was affirmed by the Court of Appeals.

We have reviewed the record with care, and find that the trial court did not err in granting summary judgment to C & O.

Likewise, we find it plain beyond dispute that CSX's participation in the cleaning

operation was limited to doing that which only its employees could do, ensure that the tracks on which the cleaning operations were being performed were free from train traffic for the safety of Loram employees.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.