Manford L. RODGERS, Plaintiff,

v.

CONEMAUGH & BLACK LICK RAIL-
ROAD COMPANY, Defendant.

Civ. A. No. 13163.

United States District Court
W. D. Pennsylvania.

Jan. 27, 1956.

Louis C. Glasso, Pittsburgh, Pa., for plaintiff.

Bruce R. Martin (of Dalzell, Pringle, Bredin & Martin), Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is an action under the Safety Appliance Act and/or Federal Employers' Liability Act to recover damages for injuries sustained while plaintiff was employed as a brakeman for the Conemaugh & Black Lick Railroad Company. 45 U.S.C.A. §§ 51 et seq., 11, 53.

Upon jury trial, a verdict was returned in favor of plaintiff in the amount of $75,000.60.

In answer to specific interrogatories, the jury found the total amount of damages to be $83,334 but attributed 10 per cent of the negligence which was a proximate cause of the accident to the plaintiff.[1]

The matters before the court are twofold:

(1) Plaintiff's motion to reform the verdict in conformity with findings of the jury.

(2) Defendant's motion for new trial.

For purpose of brevity, the following abbreviations will be employed:

Conemaugh Black Lick Railroad—"Railroad"

Bethlehem Steel Company—"Industry"

Plaintiff's Motion to Reform the Verdict.

The evidence developed that plaintiff was assigned with a crew of defendant Railroad to place and remove ladle cars in Industry's furnace yards.

Defendant Railroad was required by Industry to place empty ladles under a furnace and, when filled with slag, to remove the same and transport them for a short distance over Industry owned tracks and then over the defendant's main line for four or five miles to a dumping area.

At about 3:30 p. m. on October 3, 1954, plaintiff attempted to board one of the ladle cars. In doing so he lost his balance and was unable to mount the platform of the car because the entire platform, to which was attached a sill step and a grab iron, was loose and flopping up and down. While trying to hang on and mount the platform, plaintiff was

1. "What was the total amount of damages suffered by the plaintiff, Manford L. Rodgers, which was the proximate result of the accident without any consideration being given to negligence or contributory negligence, or violation of the Safety Appliance Act?

"Answer: $83,334.00.

"Did defendant, Conemaugh & Black Lick Railroad Company, violate the provisions of the Safety Appliance Act and fail to equip the car involved in the accident with a secure sill step and/or secure grab iron?

"Answer: Yes  x  No___

"If answer to the above is 'Yes', answer the following:

"Was the violation of the Safety Appliance Act by the defendant, Conemaugh & Black Lick Railroad Company, in failing to equip the car involved in the accident with a secure sill step and/or secure grab iron a proximate cause or a substantial contributing cause of the accident?

"Answer: Yes  x  No

"Was the defendant, Conemaugh & Black Lick Railroad Company, guilty of negligence which was a proximate cause or a substantial contributory cause of the accident in whole or in part?

"Answer: Yes  x  No___

"Should the answer to the above question be in the affirmative, state the extent or the amount of the negligence of the defendant, Conemaugh & Black Lick Railroad Company, which was a proximate cause of the accident in whole or in part?

"Answer: 90.0%

"Was the plaintiff, Manford L. Rodgers, guilty of negligence which was a contributing cause of the accident in whole or in part?

"Answer: Yes  x  No___

"Should the answer to the above question be in the affirmative, state the extent or the amount of the negligence of the plaintiff, Manford L. Rodgers, which was a contributing cause of the accident in whole or in part?

"Answer: 10.0%"

crushed between the car and a ventilator. It was established that it was common practice to mount these cars in the manner that plaintiff employed and that plaintiff would have had ample time to mount the ladle had the platform not been defective.

Plaintiff premised his right to recover on two theories:

(a) Violation of the provisions of Safety Appliance Act in failing to provide secure sill steps and grab irons.

(b) Violation of the Federal Employers' Liability Act in failing to provide plaintiff employee with a reasonably safe place to work.

It is undisputed that at time of accident the engine was owned by railroad, the ladles or cars were owned by Industry, tracks were owned and maintained by Industry, and that the crew was under the direction, control and supervision of Railroad.

▇ Viewing the substance of plaintiff's motion, this court may consider the same as filed pursuant to Rules 59(e) and 49(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. as a motion to alter or amend the judgment, and/or the entry of judgment in accordance with answers to specific interrogatories. Relying upon the jury's specific finding that defendant has violated the provisions of the Safety Appliance Act, plaintiff advances the proposition that the jury finding of ten percent contributory negligence may not be deducted from the total award. 45 U.S.C.A. § 53; O'Donnell v. Elgin, J. & E. Ry. Co., 338 U.S. 384, 70 S.Ct. 200, 94 L.Ed. 187.

▇ Defendant contends that the Safety Appliance Act and its provision eliminating the defense of contributory negligence applies only in those circumstances where the car, having the defective appliance, was "in use on its line" at the time of the injury and that, because ownership of the ladles or cars and tracks were in Industry at time of the accident, the doctrine of comparative negligence was properly applied:

The statute provides, inter alia:

"It shall be unlawful for any common carrier subject to the provisions of sections 11–16 of this title to haul, or permit to be hauled or used *on its line*, any car subject to the provisions of said sections not equipped with appliances provided for in said sections, to wit: * * *." (Emphasis supplied.) 45 U.S.C.A. § 11.

The question posed, therefore, relates to the proper interpretation of the phrase "on its line."

Upon reflected judgment and most thorough review of the authorities, it is my belief that the phrase relates to control as contra-distinguished from ownership. The fact that railroad exercises control, direction and supervision over the crew and movement, for all intents and purposes, constitutes a hauling "on its line" under the purview of the Act. Philadelphia & R. Ry. Co. v. United States, 3 Cir., 191 F. 1; Chicago, Burlington & Quincy R. Co. v. United States, 8 Cir., 211 F. 12; Texas & P. Ry. Co. v. United States, 8 Cir., 189 F.2d 749; Brady v. Terminal R. Ass'n of St. Louis, 303 U.S. 10, 58 S.Ct. 426, 82 L.Ed. 614; United States v. N. Y. Cent. R. Co., D.C., 70 F.Supp. 761.

To accept defendant's thesis that to invoke the provisions of the Safety Appliance Act would require actual ownership of the tracks upon which the movement is situated at the time of accident, would, in my judgment, stullify and render impotent the application of this most vital law. Were such the case, any railroad, by the simple expedient of placing title of its tracks in a subsidiary or independent company could thwart and divert the act's applicability to its employees. On the other hand, reason and logic dictate that control, direction and supervision of necessity impose the accompanying responsibility of conformity to the Act.

Defendant, in support of its position, relies upon two decisions of this Circuit. Patton v. Baltimore & O. R., 3 Cir., 197

F.2d 732; Hartley v. Baltimore & O..R., 3 Cir., 194 F.2d 560.

I do not believe these cases to be determinative of the issue. The actions were not brought pursuant to the Safety Appliance Act but grounded federal jurisdiction on diversity of citizenship, nor did employer-employee relationship exist. In neither case did defendant exercise nor have the right to exercise control of the movement.

It can well be .appreciated that the doctrine of comparative negligence is applicable where violation of the Safety Appliance Act is introduced as evidence of negligence or as means of proving lack of care, but such cannot be the case where the Act is properly pleaded as the basis of absolute liability.

In view of the fact that the ladle cars in the train movement when plaintiff was injured were in use on Railroad's line, I must conclude that the judgment must be reformed in conformity with the law and specific findings of the jury.

■ Defendant challenges the authority of the court to reform or mold a verdict once a judgment has been entered. It is significant to note that upon the entry of judgment pursuant to jury verdict, such judgment is always subject to change by reason of appropriate timely motions filed in conformity with the Federal Rules of Civil Procedure.

The court in its entry of judgment, explicitly specified such reservation.[2]

### Defendant's Motion for New Trial.

Defendant makes no objection to the charge of this court on the law, nor questions any ruling upon the law during trial. Nor is it contended that the verdict is against the weight of the credible evidence in view of defendant's counsel withdrawal of such contention during argument.

The sole question posed, therefore, relates to the legality of the court's position in applying the provisions of the Safety Appliance Act.

■ Defendant cannot be heard to complain of the court's charge, in this connection, since the charge was geared to permit the jury to apply the comparative negligence doctrine, as requested by defense counsel. It is only upon more reflected judgment that the court finds the law, in the instant case, to require the imposition of absolute liability and must reform the judgment in conformity therewith. Thus, if any error in this respect were committed in the charge, such error was favorable to defendant and could not have redounded to defendant's prejudice.

No dispute existing between the parties as to the deductibility of $2,752.20 for advanced wages to the plaintiff, the Clerk will be directed to credit defendant with said amount upon payment of judgment.

An appropriate order is entered.

---

2. "In accordance with the verdict of the jury and *subject to any provisions of law that either party might have*, the court will direct the Clerk to enter judgment in favor of plaintiff, Manford L. Rodgers, and against the defendant, Conemaugh and Black Lick Railroad Company, in the amount of $75,000.60." (Emphasis supplied.)