Taft, J.
There is no evidence in the record tending to prove the absence of efficient hand brakes on any car or that any brake on any car in this train did not or could not do what an efficient hand brake on such a car should or should not do. A finding, that any car in this train was not ‘ ‘ equipped with * * * efficient hand brakes” as required by Section 11 of Title 45, U. S. Code (the Federal Safety Appliance Act), would necessarily have to be based upon an inference to that effect merely from evidence of the fact that a so-called “brake beam” on one of the *435 cars of this train had been dragging and had to be repaired. Without any evidence in the record to establish any relationship whatever between such a brake beam and a hand brake except the word “brake,” this court, if permitted to evaluate evidence as it ordinarily would, would necessarily determine that there is no evidence in this record to support a finding by a jury that any car on this train was not equipped with efficient hand brakes.
However, in view of decisions of the Supreme Court of the United States, apparently requiring state courts to apply in this kind of case what may reasonably be referred to as the split-scintilla rule in determining whether the evidence in a record presents a question of fact for the jury,[1] we hesitate to render a judgment based upon our determination that there is no evidence in this record to support a finding by a jury that a car on this train was not “equipped with * * * efficient hand brakes.”
However, even if we should, as the trial court did, assume that the evidence in the record is sufficient to justify submission to the jury of the question whether defendant violated the Federal Safety Appliance Act by having a defective hand brake *436 on one of the cars of this train while that car was being used,[2] we are definitely of the opinion that such violation could not legally amount to a proximate cause of the injury to plaintiff’s leg.[3]
Plaintiff’s contentions with respect to causation are succinctly stated in his brief as follows:
“* * * had the brakes not been defective, plaintiff would not have been required to descend from the cab and consequently injured; had the radiotelephone functioned properly, similar reasoning shows that likewise, plaintiff would have been saved from injury. These two defects * * *, the brake and the radiotelephone, operated in concert * # * to expose * * * [plaintiff] to the hazards which brought about his injury.”[4]
With respect to such contentions, the following observation from Prosser on Torts (2 Ed., 1955), 218 et seq., is pertinent:
“In a philosophical sense, the consequences of an act go forward to eternity, and the causes of an event go back to the *437 discovery of America and beyond. # * * But any attempt to impose responsibility upon such a basis would result in infinite liability for all wrongful acts, and would ‘set society on edge and fill the courts with endless litigation. ’ ’ ’
In the instant case, there is no evidence that the claimed defect in a brake had any effect on the operation or stopping of the train other than to provide a reason for stopping; and there is no evidence of the train being required to stop at any particular place because of that claimed defect. Apparently, plaintiff was instructed to stop at Tyndall and did stop “just in the interlocking” at that place. Then, after he stopped, “he just sat there. ’ ’ This continued for at least 45 minutes before plaintiff became involved in any activity. Plaintiff was not required to and he did nothing to help with any repairs. Certainly, any defect there may have been in any brake had at the end of that 45 minutes ceased to be of any substantial significance as a cause of what plaintiff thereafter did or of what thereafter happened to plaintiff.
In New York, New Haven & Hartford Rd. Co. v. Leary (CCA 1-1953), 204 F. (2d), 461, relied upon by plaintiff, the defect involved caused a sudden stop at night on a trestle which represented a hazardous portion of the railroad as compared to the apparently safe place of the stop chosen by plaintiff in the instant case. Furthermore, the plaintiff in that case fell from the trestle when he got off the train to help fix the defect. Admittedly, plaintiff in the instant case did not even try to get near the claimed defect, and he did nothing to help in repairing it. In Carter v. Atlanta & St. Andrews Bay Ry. Co., 338 U. S., 430, 94 L. Ed., 236, 70 S. Ct., 226, also relied upon by plaintiff, the claimed defect led the injured employee into and caused activities which continued in a relatively short and unbroken sequence until and caused his injuries. However, in Davis v. Wolfe, 263 U. S., 239, 68 L. Ed., 284, 44 S. Ct., 64, it is said that “an employee cannot recover under the Safety Appliance Act if the failure to comply with its requirements is not a proximate cause of the accident which results in his injury, but merely creates an incidental condition or situation in which the accident, otherwise caused, results in such injury.”
*438 Therefore, the judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed.

Judgment reversed.

Weygandt, C. J., Zimmerman, Matthias, Bell and Herbert, JJ., concur.
O’Neill, J., not participating.

See for example Rogers v. Missouri Pacific Rd. Co. (1957), 352 U. S., 500, 559, 1 L. Ed. (2d), 493, 517, 77 S. Ct., 443; Ringhiser v. Chesapeake & Ohio Ry. Co. (1957), 354 U. S., 901, 1 L. Ed. (2d), 1268, 77 S. Ct., 1093; Gibson v. Thompson, Trustee (1957), 355 U. S., 18, 2 L. Ed. (2d), 1, 78 S. Ct., 2; Moore v. Terminal Rd. Assn. (1958), 358 U. S., 31, 3 L. Ed. (2d), 24, 79 S. Ct., 2; Harris v. Pennsylvania Rd. Co. (1959), U. S., , 4 L. Ed. (2d), 1, 80 S. Ct., 22. This court abandoned the scintilla rule years ago (Hamden Lodge v. Ohio Fuel Gas Co. [1934], 127 Ohio St., 469, 189 N. E., 246) and therefore has considerable difficulty in understanding why it should be required to apply the federal scintilla or split-scintilla rule in Ohio courts in this kind of case. See our unanimous decision reported at 168 Ohio St., 582, 156 N. E. (2d), 822, which was reversed in Harris v. Pennsylvania Rd. Co., supra. The plaintiff can elect to sue in either a federal or a state court. Section 56, Title 45, U. S. Code. If he elects to sue in an Ohio court, he probably does so in order to secure certain procedural advantages not available to him in a federal court. For example, he may prevail by securing the concurrence of only nine instead of all twelve jurors. Section 2315.09, Revised Code. Furthermore, no trial judge can grant more than one new trial against him on the weight of the evidence, and no appellate court can reverse more than one judgment in his favor on the ground that it is against the weight of *436 the evidence. Section 2321.18, Revised Code. Also, he avoids the risk oí any comment by the trial judge upon the evidence or the credibility of witnesses. Cf. 39 Ohio Jurisprudence, 999 and 1002, Sections 293 and 294, with 9 Cyclopedia of Federal Procedure, 388 and 397, Sections 31.91 and 31.93. If the plaintiff can, by suing in an Ohio court, get these and other procedural advantages, why should he not be required to take with them those procedural disadvantages that are a part of the ordinary procedure in the courts of Ohio? But see Dice v. Akron, Canton & Youngstown Rd. Co. (1952), 342 U. S., 359, 364, 96 L. Ed., 298, 72 S. Ct., 312.

See Minneapolis, St. Paul & Sault Ste. Marie Ry. Co. v. Goneau, 269 U. S., 406, 70 L. Ed., 335, 46 S. Ct., 129; Brady v. Terminal Railroad Assn., 303 U. S., 10, 82 L. Ed., 614, 58 S. Ct., 426.

In order to support recovery for an injury claimed to have been caused by a violation of the Federal Safety Appliance Act, such violation must amount to a proximate cause of such injury although it need not be the proximate cause thereof. Carter v. Atlanta & St. Andrews Bay Ry. Co., 338 U. S., 430, 94 L. Ed., 236, 70 S. Ct., 226; Davis v. Wolfe, 263 U. S., 239. In Ohio, a proximate causal relationship between a wrongful act and injury is also sufficient to support recovery. See Glass v. McCullough Transfer Co., 159 Ohio St., 505, 112 N. E. (2d), 823; Meyer v. Cincinnati Street Ry. Co., 157 Ohio St., 38, 104 N. E. (2d), 173. See also McNees v. Cincinnati Street Ry. Co., 152 Ohio St., 269, 89 N. E. (2d), 138.

It may be noted that the Federal Safety Appliance Act does not provide for a properly functioning radiotelephone and the only basis for recovery relied upon by plaintiff in the instant case is the alleged defective hand brake.,