DREW, Justice.
The District Court of Appeal, First District, in its decision[1] determined that, inasmuch as the points involved presented questions of first impression in Florida, the outcome of the issues involved would Have a profound effect upon the economic wellbeing of employees engaged in the service of interstate railroad carriers operating in Florida as well as the welfare of such carrier in its relation and obligation to its employees, such decision in the constitutional sense passed upon a question of great public interest and accordingly certified the decision to this Court for review.[2]
The well considered decision of the District Court fully presents the issues and reaches the correct conclusion. With one or two minor observations, no useful purpose would be served by repeating in this decision that which is so clearly and cogently presented in the decision of the District Court. The litigation revolves around the simple question of whether the employee McCullough was injured while *851 the locomotive was, as the statute[3] provides, “in use” on the line of the terminal company. If the locomotive was “in use”, the circuit court reached an incorrect conclusion in holding the terminal company free from liability.[4] Our study of the record leaves no doubt that the disposition of this question by the District Court was eminently correct. The evidence leads to the inescapable conclusion that at the time of McCullough’s injury he and his fellow employee of the terminal company had taken possession of the locomotive and it was, therefore, “in use” on the line of the company. Moreover, if there is conflict upon this point, it was a factual matter decided in favor of McCullough under appropriate charges from the court. There is nothing whatever in the record which even indicates that it would be in any way essential to an appropriate inspection of the locomotive to release the manually operated brake.
The petitioner points out in his brief that, in ruling against it, the District Court inadvertently misstated and confused the facts in its discussion in the Brady case.[5] The District Court did state that Brady was an employee of the terminal company whereas he was an inspector of Wabash and the District Court also stated that the train was in a stationary position on the tracks of the terminal company whereas it had been moved by the terminal association to the tracks of Wabash. These erroneous statements of fact in no way altered the correctness of the conclusion reached by the District Court.[6] The question of which company employed Brady was of no consequence nor was the question, of on whose tracks the car was located. The determining factor was control and possession of the car at the time of the incident. The Federal Safety Appliance Act extends its benefits not only to employees of the railroad but to non-employees, passengers and travelers of the highway at railroad crossings.
The decision of the District Court embraced within the certificate as supplemented by the views herein expressed is-, in all respects approved and confirmed..
It is so ordered.
THORNAL, C. J., O’CONNELL and HOBSON (Ret.), JJ., and JOHNSON,. District Court Judge, concur.

. McCullough v. Jacksonville Terminal Co., Fla.App.1965, 176 So.2d 345.

. Susco Car Rental System of Florida v. Leonard, Fla.1959, 112 So.2d 832; Zirin v. Charles Pfizer & Co., Fla.1961, 128 So.2d 594.

. 45 U.S.C. § 23.

. This proposition is agreed to by the terminal company. In its brief it states:
“The precise issue to be determined, as stated above, is whether the Southern locomotive, owned, maintained and operated by the Southern railway system, as it sat in petitioner’s terminal awaiting inspection, grooming and servicing was in use on petitioner’s line within the meaning of the Federal Safety Appliance Act (Title 45 U.S.C. § 23).”

. Brady v. Terminal R.R. Association, 303 U.S. 10, 58 S.Ct. 426, 82 L.Ed. 614, 616. In its discussion of this case the District Court said:
<i * * * a similar situation as that present in this case was shown by the record in the case of Brady v. Terminal Railroad Association. In that ease the defendant Terminal Association had received the train from the interstate railroad carrier for the purpose of cloan-ing and servicing it and delivering it over to the Wabash Railway Company who, after inspection and acceptance,, was to move it out of the terminal yard’ to its destination. The plaintiff was an employee of the Terminal Association-,, and was injured while the train was in the custody and control of the Association and before it had been inspected: and accepted by Wabash. * * * In. that case, as in the case sub judice, the-train was in a stationary position on the tracks of the terminal at the same-time plaintiff was injured. * * * ”

.Misstatements of facts of the kind here-noted will occur from time to time no. matter how carefully these decisions are screened before release. In the interest of accuracy, such errors should be-ealled to the court’s attention in a petition for rehearing or in some other appropriate manner so they will not be-carried forward when the opinion is officially released for publication.