Carl KING, Plaintiff,

v.

CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY and Fordyce & Princeton Railroad Company, Defendants.

No. ED 69–C–35.

United States District Court,
W. D. Arkansas,
El Dorado Division.

June 11, 1970.

W. M. Herndon, Herndon & Patterson, North Little Rock, Ark., for plaintiff.

William R. Overton, Wright, Lindsey & Jennings, Little Rock, Ark., for Chicago, Rock Island and Pac. RR. Co.

Norwood Phillips, Shackleford & Shackleford, El Dorado, Ark., for Fordyce & Princeton RR. Co.

## MEMORANDUM OPINION

OREN HARRIS, Chief Judge.

In this case the defendants, Chicago, Rock Island and Pacific Railroad Company and Fordyce & Princeton Railroad Company, have filed separate motions for summary judgment contending there is no genuine issue of fact and that they are entitled to judgment as a matter of law, in that the terms and provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., do not apply. The defendant, Fordyce & Princeton Railroad Company, submits affidavits and brief in support of its motion for summary judgment. The defendant, Chicago, Rock Island and Pacific Railroad Company, adopts the brief filed in behalf of Fordyce & Princeton Railroad Company in support of its motion for summary judgment.

The plaintiff, Carl King, has filed a response to the motions of defendants for summary judgment, together with affidavit of Carl King and a brief in support of the plaintiff's contention in opposing the defendants' motions for summary judgment.

In order to better understand the question presented herein, a brief statement of the case would be appropriate and would assist in defining the issues for the Court's determination and conclusion as a matter of law.

The plaintiff, Carl King, was an employee of Georgia-Pacific Corporation on March 6, 1967, and the defendants were common carriers engaged in interstate commerce when an accident occurred on the railroad spur track used by the defendant railroad companies to serve the Georgia-Pacific plant. The plaintiff's claim is based upon injuries sustained by the accident and is brought under the provisions of the Federal Safety Appliance Acts, 45 U.S.C.A. § 1 et seq., and the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The plaintiff contends that he was a special employee of both defendant railroad companies at the time of the injury and, therefore, is entitled to the benefits and protection of the Federal Employers' Liability Act.

It is admitted that the plaintiff sustained an injury in the course of his employment on March 6, 1967. It is established and admitted that at the time, the plaintiff was an employee of the Georgia-Pacific Corporation. It is further established that the injury occurred on the railroad spur track used by the defendants.

It appears that the spur track is an industrial track owned or used by the Georgia-Pacific Corporation. The defendant, Chicago, Rock Island and Pacific Railroad Company, would station railroad cars to be used by Georgia-Pacific Corporation on its railroad company yard at Fordyce, Arkansas. The defendant, Fordyce & Princeton Railroad Company, would engage the cars at the Rock Island yard, transport them over its own company trackage and to a point on the spur track used by Georgia-Pacific Corporation. The cars were delivered to the company and spotted for the purpose of loading wood chips by the company then to be transported over the main line of the railroads to other plants of the company.

The plaintiff, as an employee of the Georgia-Pacific Corporation, would disengage the railroad car from where it was spotted on the spur track and move it by means of a winch to a spot for load-

ing the company's wood chips. When a car was loaded it would be moved by similar means on the spur track in order that another car could be brought up for the same purpose. It was during the engagement of one of the cars for the Georgia-Pacific Corporation that the plaintiff was injured as a result of a defective brake on the railroad car.

The defendants deny that the plaintiff was a special employee of either Chicago, Rock Island and Pacific Railroad Company or Fordyce & Princeton Railroad Company and contend that the provisions of the Federal Employers' Liability Act do not apply.

It is admitted that the plaintiff at the time of the injury was an employee of the Georgia-Pacific Corporation, supervised by the employees of Georgia-Pacific, hired by the personnel department of Georgia-Pacific and paid by Georgia-Pacific.

It is further established and undisputed that the plaintiff at no time performed any labor or services as an employee of either the Chicago, Rock Island and Pacific Railroad Company or the Fordyce & Princeton Railroad Company. Neither of the defendants exercised any control or paid any salary or remuneration to the plaintiff for labor performed.

The only issue for determination by the Court is whether the provisions of the Federal Employers' Liability Act are applicable to the established, undisputed and admitted facts in this proceeding.

It is the contention of the plaintiff that the Federal Safety Appliance Acts and the Federal Employers' Liability Act are to be considered together and applicable to a case of this kind and to him as a special employee of the railroads even though he was actually an employee of Georgia-Pacific Corporation.

The defendants contend that since the plaintiff was an employee of the Georgia-Pacific Corporation, and at no time was employed by either of the railroads, the Federal Employers' Liability Act is not applicable. However, it is conceded by the defendants, and specifically by the

Fordyce & Princeton Railroad Company, that the Safety Appliance Act is probably applicable but that it is entirely separate and apart from the provisions and benefits provided by the Federal Employers' Liability Act.

The Federal Safety Appliance Act was adopted by the Congress in 1893. It was amended in 1903 and 1910, 45 U.S.C.A. § 1 et seq. By its terms it established statutory requirements of operation for common carriers engaged in interstate commerce by railroads.

■ The Safety Appliance Act does not purport to confer any right of action upon injured persons. It merely makes violation of its prohibitions "unlawful." Urie v. Thompson, 337 U.S. 163, 188, 69 S.Ct. 1018, 93 L.Ed. 1282. Neither did the Safety Appliance Act create a federal cause of action for persons seeking damages for injuries resulting from a railroad's violation of the act. Moore v. C. & O. R. Co., 291 U.S. 205, 215, 54 S.Ct. 402, 78 L.Ed. 755 (1934); Crane v. Cedar Rapids & I. C. R. Co., 395 U.S. 164, 166, 89 S.Ct. 1706, 23 L.Ed.2d 176 (1969).

In Fairport P. & E. R. Co. v. Meredith, 292 U.S. 589, 54 S.Ct. 826, 78 L.Ed. 1446, the supreme court stated the rule applicable at page 598, 54 S.Ct. at page 405, as follows:

"The Federal Safety Appliance Act, as we already have said and this court repeatedly has ruled, imposes absolute duties upon interstate railway carriers and thereby creates correlative rights in favor of such injured persons as come within its purview; but the right to enforce the liability which arises from the breach of duty is derived from the principles of the common law. The act does not affect the defense of contributory negligence, and, since the case comes here from a state court, the validity of that defense must be determined in accordance with applicable state law. Moore v. C. & O. Ry. Co., 291 U.S. 205, 214, 54 S.Ct. 402, 78 L.Ed. 755 et seq., and cases cited; Gilvary v. Cuyahoga Val-

ley Ry. Co., 292 U.S. 57, 54 S.Ct. 573, 78 L.Ed. 1123."

■ The Federal Employers' Liability Act was enacted by Congress in 1908. It provided, inter alia, that the defense of contributory negligence and the assumption of risk was not available to the railroad carrier on a claim of its injured employee as a result of the carrier's violation of the Federal Safety Appliance Act, etc., 45 U.S.C.A. § 51 et seq. It is, therefore, well established, and the Court concludes, that the Federal Employers' Liability Act is applicable to a claim of injured employees of the carrier resulting from violations of the act by the carrier and the carrier's negligence is absolute, per se.

The Federal Safety Appliance Act on the other hand provides protection of employees of the carriers, travelers upon the railroad and of the public generally. It is undoubtedly true that the primary purpose the Congress had in mind by the adoption of the act was to protect employees and passengers. It may be that the protective operation of § 2 of the act requiring automatic couplers was not meant to extend to persons other than employees. But the requirement of other safety devices contribute to the safety of the traveler at crossings. It is hardly probable that Congress could have contemplated their inapplicability to other injured persons. Fairport P. & E. R. Co. v. Meredith, 292 U.S. 589, 594, 595, 54 S.Ct. 826, 78 L.Ed. 1446.

The fact that an injured person was not an employee of the carrier did not necessarily absolve it from a duty to such person. In stating this rule the Supreme Court said:

"We have said that 'the nature of the duty imposed by the statute and the benefits resulting from its performance' usually determine what persons are entitled to invoke its protection. It was in this view that we held that the power brakes required by the Safety Appliance Act were not only for the safety of railway employees and passengers on trains but also of travelers on the highways at railway crossings. Fairport P. & E. R. Co. v. Meredith, 292 U.S. 589, 596, 597, 54 S.Ct. 826, 78 L.Ed. 1446." Brady v. Terminal R.R. Assn., 303 U.S. 10, 14, 58 S.Ct. 426, 82 L.Ed. 614.

The Court went on to say:

"Laying down this comprehensive rule as a matter of public policy, Congress has made no exception of those employed in inspecting cars. The statute has been liberally construed 'so as to give a right of recovery for every injury the proximate cause of which was a failure to comply with a requirement of the Act.' (Citing cases), * * * reviewing the earlier cases, the Court held that one can recover 'if the failure to comply with the requirements of the Act is a proximate cause of the accident, resulting in injury to him while in the discharge of his duty, although not engaged in an operation in which the safety appliances are specifically designed to furnish him protection.' "

In a similar situation as the instant case the plaintiff Hunter was an employee of the Halliburton Oil Well Cementing Company; he was paid by Halliburton; he had only Halliburton supervisors; no one instructed him how to move railroad cars; and he moved the cars by using a winch and line furnished by Halliburton. The defendant railroad had no connection with the railroad car involved in the accident after the car had been spotted at the Halliburton plant, just as with the instant case.

From the factual findings made by the Court, it concluded that the plaintiff, Hunter, was not in the employment of the railroad at the ime of his injury when moving the railroad car involved or at any other time, so as to render the railroad liable under the Federal Employers' Liability Act. Hunter v. Missouri-Kansas-Texas Railroad Company, 258 F.Supp. 20, 22 (D.C.1966). Docheney v. Pennsylvania R. Company (Third Cir. 1932), 60 F.2d 808, cert. denied 287 U.S. 665, 53 S.Ct. 222, 77 L.Ed. 573; 1 A.L.R.

2d 302; Hull, Administratrix v. Phila. & Reading Railway Co., 252 U.S. 475, 40 S. Ct. 358, 64 L.Ed. 670.

The contention of the plaintiff that the two acts are inseparable fails to comport with the long-established rule. In Jacobson v. New York, N.H. & H.R. Co., 206 F.2d 153 (First Cir. 1953), it is stated:

> "And it is settled that the federal Safety Appliance Acts and the Employers' Liability Acts are in *pari materia;* and when a railroad employee is entitled to sue under the Employers' Liability Acts he may recover without other proof of fault than a violation of a so-called 'absolute duty' imposed by the Safety Appliance Acts. As stated in San Antonio, etc., Ry. Co. v. Wagner, 1916, 241 U.S. 476, 484, 36 S.Ct. 626, 630, 60 L.Ed. 1110: 'But the two statutes are in *pari materia,* and where the employers' liability act refers to 'any defect or insufficiency, due to its negligence, in its cars, engines, appliances,' etc., it clearly is the legislative intent to treat a violation of the safety appliance act as 'negligence,'—what is sometimes called negligence *per se.'* To the same effect see Moore v. Chesapeake & Ohio Ry. Co., 1934, 291 U.S. 205, 210, 54 S.Ct. 402, 78 L.Ed. 755; Brady v. Terminal R. Ass'n, 1938, 303 U.S. 10, 15, 58 S.Ct. 426, 82 L.Ed. 614; O'Donnell v. Elgin, Joliet & Eastern Ry. Co., 1949, 338 U.S. 384, 390, 70 S.Ct. 200, 94 L.Ed. 187; Carter v. Atlanta, etc., Ry. Co., 1949, 338 U.S. 430, 434, 70 S.Ct. 226, 94 L.Ed. 236. The cause of action in a suit under the Employers' Liability Acts is a federal one, governed in its entirety by acts of Congress or by federal decisional law—in other words, by the provisions of the federal statutes so far as applicable, fitted into the common law background with respect to concepts of negligence, contributory negligence, last clear chance, assumption of risk, proximate cause, etc., as the federal common law doctrines in such particulars are determined and declared by decisions of the federal courts. See

Chesapeake & Ohio Ry. Co. v. Kuhn, 1931, 284 U.S. 44, 46–47, 52 S.Ct. 45, 76 L.Ed. 157; Bailey v. Central Vt. Ry., Inc., 1943, 319 U.S. 350, 352, 63 S.Ct. 1062, 87 L.Ed. 1444; Dice v. Akron, C. & Y. R. Co., 1952, 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398."

The Court concludes from the record composed of the pleadings, exhibits, affidavits, briefs and the undisputed and admitted facts, that the plaintiff, Carl King, was an employee of Georgia-Pacific Corporation at the time of his injury and, therefore, was not a special employee and never had been an employee of either of the defendant railroad companies, and is, therefore, not entitled to the protection provided by the Federal Employers' Liability Act.

The Court further concludes that there is no genuine issue of fact and as a matter of law the motions for summary judgment should be granted. Accordingly the Court holds that the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., are inapplicable to this case and an order will be entered dismissing the allegation of the complaint that the plaintiff was a special employee of the defendants.