**Ted SHAFFER, Plaintiff,**

**v.**

**UNION PACIFIC RAILROAD, a foreign corporation, Defendant.**

Civil No. 95–631–FR.

United States District Court,
D. Oregon.

April 29, 1996.

Kevin Coluccio, Schroeter, Goldmark & Bender, Seattle, Washington, Raymond Bradley, Portland, Oregon, for Plaintiff.

Timothy J. Coleman, Cosgrave, Vergeer & Kester, Portland, Oregon, for Defendant.

## OPINION

FRYE, District Judge.

The matter before the court is the defendant's motion for summary judgment (# 26).

## UNDISPUTED FACTS

On November 18, 1992, the plaintiff, Ted Shaffer, was an employee of the defendant, Union Pacific Railroad (Union Pacific). On the day that he was injured, Shaffer was working as a mechanic on a three-person crew whose job was to "build outbound power" on Union Pacific's train engine. To "build outbound power" on a train engine means to hook up the electric cables and to perform a brake check and a power check on the engine. The engine that Shaffer was working on was located on the west roundhouse tracks, which are tracks generally used for servicing, repairing, or building outbound power. The engine that the three-person crew was working on had been "blue flagged." "Blue flagging" indicates to others that the engine is being worked on and is not to be moved.

As Shaffer started to step down from the engine, his sleeve caught on a door handle; his arm was jerked back; he fell backwards; he sat down hard on the step; and he sustained injuries.

On May 15, 1995, Shaffer filed this action for negligence, as well as violations under 45 U.S.C. §§ 1 et seq., the Safety Appliance Act, and 45 U.S.C. §§ 51 et seq., the Federal Employers' Liability Act.

## CONTENTIONS OF THE PARTIES

Union Pacific contends that the Safety Appliance Act, 45 U.S.C. §§ 1–16, does not apply to injuries which occur on locomotives. Union Pacific contends that the statute which applies to the injury alleged here is the Locomotive Inspection Act, 45 U.S.C. §§ 23 et seq., but that even under the Locomotive Inspection Act, Shaffer cannot prevail because the locomotive was not "in use" at the time the alleged injury occurred.

Shaffer contends that the Locomotive Inspection Act,[1] 45 U.S.C. §§ 23 et seq., is a part of the Safety Appliance Act, 45 U.S.C. §§ 1 et seq. Finally, Shaffer contends that the Locomotive Inspection Act applies when a locomotive has been serviced or the injury occurs during a routine inspection of the locomotive. Shaffer argues that since the locomotive was "in use," the Locomotive Inspection Act, as encompassed in the Safety Appliance Act, applies.

## APPLICABLE STANDARD

Summary judgment should be entered only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden to establish the absence of a material issue of fact for trial is on the moving party. *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 951 (9th Cir.1978), *cert. denied*, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). This burden "may be discharged by 'showing' ... that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). The burden shifts to the nonmoving party to "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553.

All inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). When different ultimate inferences can be reached, summary judgment is not appropri-

---

1. The Locomotive Inspection Act was formerly called the Boiler Inspection Act.

ate. *Sankovich v. Life Ins. Co. of N. Am.,* 638 F.2d 136, 140 (9th Cir.1981).

## ANALYSIS

█ Shaffer filed this case under 45 U.S.C. §§ 1 *et seq.* 45 U.S.C. §§ 1 *et seq.* includes 45 U.S.C. § 23. 45 U.S.C. § 23 provides:

It shall be unlawful for any carrier to use or permit to be used on its line any locomotive unless said locomotive, its boiler, tender, and all parts and appurtenances thereof are in proper condition and safe to operate in the service to which the same are put, that the same may be employed in the active service of such carrier without unnecessary peril to life or limb, appurtenances thereof have been inspected from time to time in accordance with the provisions of sections 22 to 29 and 31 to 34 of this title and are able to withstand such test or tests as may be prescribed in the rules and regulations hereinafter provided for.

In *Brady v. Terminal R.R. Ass'n of St. Louis,* 303 U.S. 10, 58 S.Ct. 426, 82 L.Ed. 614 (1938), the United States Supreme Court found that although a train was on the roundhouse tracks, it had not yet been withdrawn from use. While *Brady* is a case deciding whether or not a car has been withdrawn from use, the Court found that the Locomotive Inspection Act can apply to a car or locomotive on the roundhouse tracks, depending on the circumstances. The Court in *Brady* also states that "one is not to be denied the benefit of the act because his work was that of inspection for the purpose of discovering defects," *Id.* at 16, 58 S.Ct. at 429–30, indicating that even some forms of inspection will fall under the protection of the Act.

In *Estes v. Southern Pac. Transp. Co.,* 598 F.2d 1195, 1198–99 (10th Cir.1979), the court held that a locomotive unit located in a "roundhouse" area is not engaged in moving interstate or foreign traffic and therefore is not "in use" on the railroad line for purposes of the Locomotive Inspection Act. However, in *Angell v. Chesapeake and Ohio Ry. Co.,* 618 F.2d 260 (4th Cir.1980), the court decided that an engine that had been blue flagged on

a service track was "in use" because "all servicing, maintenance and inspection work had already been performed and the engine was being moved to its place in the 'consist.'" *Id.* In *Angell,* the court stated:

The problem facing this court is to determine at what point the railway becomes absolutely liable *for injuries caused by defective equipment* under the Act. Congressional intent and the case law construing the statute clearly exclude those injuries directly resulting from the inspection, repair, or servicing of railroad equipment located at a maintenance facility.

*Id.* at 262 (emphasis added; footnote omitted). The *Angell* court then went on to say that it "contravenes the legislative purpose behind the Act" to allow the railroad to claim that an engine is not "in use" until the engine is "okayed" and a crew is called for the train to which the engine is assigned. *Id.* The court said that "[a]lthough the engine may not actually be engaged in moving interstate commerce, the intent of the statute is to exclude from its coverage only such functions as are necessary to detect and correct those defective conditions for which absolute liability will be imposed." *Id.* Ultimately, the court found that although the engine was "blue flagged" and still in the roundhouse area, the plaintiff was injured after the excluded activities had been performed, and therefore he was covered under the Act. *Id.*

When considering a motion for summary judgment, all inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. In this case, Shaffer testified in deposition that he was working on an outbound crew, building outbound power. He testified that there are different crews that inspect, service and repair these engines, and that these are inbound crews. Shaffer further testified that the inbound crew does its inspections before the outbound crew builds outbound power for the locomotive.

The court finds that the activities of Shaffer came after the excluded activities of inspection, servicing and repair had been completed.

The court finds that the locomotive on which Shaffer was working was "in use" as defined under 45 U.S.C. § 23.

## CONCLUSION

The motion of Union Pacific for summary judgment (# 26) is denied.