■ Bruce A. Bardin, Respondent, v Consolidated Rail Corporation, Appellant. [704 NYS2d 710] —Mercure, J. P. Appeal from an order of the Supreme Court (Keegan, J.), entered February 24, 1999 in Albany County, which granted plaintiff's motion for summary judgment.

Plaintiff, employed by defendant as a freight train conductor, was injured in a September 1995 incident. While in the process of preparing a train for departure, plaintiff noticed that the hand brake was engaged on the lead freight car. Plaintiff made repeated efforts to release the brake, both utilizing the automatic release lever and by manually turning the brake

5. We note that the motion papers pertaining to Supreme Court's November 26, 1997 decision are not part of the record.

wheel, but it remained stuck. While making a further effort to turn the manual brake wheel, plaintiff injured his back. Plaintiff thereafter commenced this action alleging defendant's strict liability for his injuries under the Federal Safety Appliance Act (hereinafter FSAA; 49 USC §§ 20301-20306) and the Federal Employer's Liability Act (45 USC § 51), and particularly 49 USC § 20302 (a) (1) (B), which requires that a railroad vehicle be equipped with "efficient hand brakes." Following joinder of issue, plaintiff moved for summary judgment on the issue of defendant's liability. Supreme Court granted the motion and defendant appeals.

We affirm. Initially, we agree with Supreme Court's conclusion that at the time of plaintiff's accident, the train was "in use" as a matter of law. Although the FSAA is to be liberally construed in light of its prime purpose of safety (*see, Lilly v Grand Trunk W. R. R. Co.*, 317 US 481, 486), absolute liability will attach only if the train is "in use" at the time of the accident (*see, Deans v CSX Transp.*, 152 F3d 326, 328). "[T]he purpose of the 'in use' limitation is to give railcar operators the opportunity to inspect for and correct safety appliance defects before the FSAA exposes the operators to strict liability for such defects" (*Phillips v CSX Transp.*, 190 F3d 285, 288). Thus, "Congressional intent and the case law construing the statute clearly exclude those injuries directly resulting from the inspection, repair, or servicing of railroad equipment located at a maintenance facility" (*Angell v Chesapeake & Ohio Ry. Co.*, 618 F2d 260, 262).

In practice, the question of whether a train is "in use" may be anything but clear (*see, Deans v CSX Transp.*, *supra*, at 329). Notably, "[a] train may still be considered 'in use' even though it is motionless and not yet on the main track" (*id.*, at 330; *see, Brady v Terminal R. R. Assn.*, 303 US 10, 13). To aid in resolving the issue, Federal courts interpreting the FSAA and the substantially similar "in use" provision of the Boiler Inspection Acts (*see*, 45 USC former § 23) have developed some determinative factors, primarily focusing on the location of the train at the time of the accident and the activity of the injured party (*see, Phillips v CSX Transp.*, *supra*, at 289; *Deans v CSX Transp.*, *supra*, at 329; *Pinkham v Maine Cent. R. R. Co.*, 874 F2d 875, 882; *cf., Trinidad v Southern Pac. Transp. Co.*, 949 F2d 187, 189 [Fifth Circuit employs bright-line test based upon whether train is fully assembled and crew has completed their predeparture, inspection]).

In our view, application of those factors supports Supreme Court's determination that the train was "in use" at the time

of plaintiff's accident. Significantly, the train upon which plaintiff was injured was not awaiting or undergoing repairs. To the contrary, the train had been fully assembled, with the engines "tied on," had been "okay[ed]" for departure and was on the departure track (*see, Deans v CSX Transp., supra,* at 330; *cf., Phillips v CSX Transp., supra,* at 289). Plaintiff was not performing any maintenance function but was merely making a final visual inspection to see that nothing was out of the ordinary and that the cars' hand brakes had been released. Further, as a conductor, plaintiff was part of the transportation crew and not the repair crew (*see, Deans v CSX Transp., supra,* at 330).

We also disagree with defendant's contention that an issue concerning the efficiency of the hand brake precluded an award of summary judgment in favor of plaintiff. In view of the several witnesses' uncontradicted testimony that the hand brake was not functioning properly at the time of the accident, evidence that it was working properly before and after the accident did not raise a material question of fact (*see, Texas & Pac. Ry. Co. v Griffith,* 265 F2d 489, 493; *Didinger v Pennsylvania R. R. Co.,* 39 F2d 798, 799; *cf., Richardson v Consolidated Rail Corp.,* 17 F3d 213, 217 [unwitnessed accident]; *Lewis v Baker,* 526 F2d 470, 474-475 [unwitnessed accident]).

Crew III, Peters, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.