**RILEY HILL
GENERAL CONTRACTOR, INC.,**
*Respondent,*

*v.*

**TANDY CORPORATION,**
dba Radio Shack,
*Appellant.*

(84-02-19,378-L; CA A35863)

728 P2d 577

Frank M. Parisi, Portland, argued the cause for appellant. With him on the briefs were Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, and Larry A. Sullivan and Schroeder, Hutchens & Sullivan, Portland.

Gary J. Ebert, Ontario, argued the cause for respondent. With him on the brief was Yturri, Rose, Burnham, Ebert & Bentz, Ontario.

Before Warden, Presiding Judge, and Rossman and Deits, Judges.

WARDEN, P. J.

WARDEN, P. J.

Plaintiff sought compensatory and punitive damages on claims of fraud, breach of implied warranties of merchantability and of fitness for a particular purpose and negligence arising out of plaintiff's purchase of a computer system from defendant. Defendant generally denied the claims and raised several affirmative defenses. The jury returned a verdict in favor of plaintiff on all counts, awarding $20,000 general and $60,000 punitive damages. Defendant appeals, assigning 14 errors. Because of errors in instructions on fraud and punitive damages, we reverse and remand.

Defendant took exception to this jury instruction:

"You are instructed that the law recognizes a presumption against fraud and this presumption against fraud must be overcome by clear and convincing evidence.

"The Party alleging fraud must thus bring forth evidence to prove it, and may not rely upon mere suspicious circumstances or equivocal conduct.

"Thus, there must be a certain quality of evidence to overcome the presumption against fraud even though the burden of proof remains in this case as in all civil cases, proof by a preponderance of the evidence."

Fraud must be proved by clear and convincing evidence. *Dizick v. Umpqua Community College,* 287 Or 303, 311, 599 P2d 444 (1979); *but cf. Mutual of Enumclaw Ins. v. McBride,* 295 Or 398, 667 P2d 494 (1983). The court erred by inconsistently instructing the jury that the burden of proof of fraud is by both clear and convincing evidence and a preponderance of the evidence. Giving the instruction is reversible error, because it cannot be determined from the verdict whether the jury used the correct clear and convincing evidence standard or the incorrect preponderance of evidence standard. *Taylor v. Lawrence,* 229 Or 259, 366 P3d 735 (1961); *Voight v. Nyberg,* 218 Or 383, 345 P2d 821 (1959).

Defendant also argues that it was error to use the word "presumption" in the instruction. The instruction was that there is a presumption *against* fraud, and therefore the error, if any, was harmless, because it favored defendant. *Baden v. Sunset Fuel Co.,* 225 Or 116, 357 P2d 410 (1960).

Defendant also assigns error to the submission to the

jury of the verdict form, which contained the following language:

> "If you found Defendant liable [for] fraud or * * * negligence, and if you awarded damages to Plaintiff as a result of such fraud or negligence, you may consider whether to award punitive damages."

It contends that the jury may have been misled to award punitive damages if nothing other than ordinary negligence was proved. *Joachim v. Crater Lake Lodge, Inc.,* 48 Or App 379, 617 P2d 632 (1980). Jury instructions should be read as a jury might reasonably have understood them. *Forster v. Kawasaki Motor Corp.,* 73 Or App 439, 698 P2d 1001, *rev den* 299 Or 663 (1985). Viewing the instruction on punitive damages together with the verdict form, we believe that the jury may reasonably have understood that punitive damages could be awarded if defendant's misconduct was merely negligent. Submission of the verdict form therefore was error requiring reversal.

We have considered defendant's remaining assignments of error and find no merit in them.

Reversed and remanded.