Argued and submitted December 11, 1987, reversed and remanded March 9, reconsideration denied June 10, petition for review denied June 28, 1988 (306 Or 155)

HUDSON,
*Appellant,*

*v.*

SOUTHERN PACIFIC
TRANSPORTATION COMPANY,
*Respondent.*

(A8405-03147; CA A42696)

751 P2d 800

Thomas M. Christ, Portland, argued the cause for appellant. With him on the briefs were Monte Bricker and Stephen C. Thompson, Portland.

Jeffrey M. Batchelor, Portland, argued the cause for respondent. With him on the brief were James L. Hiller, and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Graber,* Judges.

VAN HOOMISSEN, J.

---

* Graber, J., *vice* Young, J., deceased.

## VAN HOOMISSEN, J.

Plaintiff, a brakeman for defendant railroad, brought this action under the Federal Employer's Liability Act (FELA), 45 USC § 51 *et seq,* and the Safety Appliance Act (SAA), 45 USC § 1 *et seq,* for injuries sustained when he fell from a ladder attached to a boxcar on which he was working. Defendant moved to withdraw plaintiff's SAA claim from the jury. The trial court denied the motion. A jury returned a verdict for defendant.

Plaintiff appeals. He contends that the trial court erred in instructing the jury on the requirements of SAA. The question is whether a ladder fixed to the side of defendant's boxcar was "secure" within the meaning of section 11 of SAA. 45 USC § 11.[1] We review for substantial error, ORS 19.125(2), *see Collett v. Cascade Health Care,* 43 Or App 489, 603 P2d 369 (1979), and reverse.

While at work, plaintiff slipped and fell from a ladder attached to the side of defendant's boxcar. He testified that, as he slipped, he reached for the stile extension[2] but could not grab it, because it was bent. He contends that that defect permitted his fall and resulting injuries. Defendant admits that the stile extension was bent. It argues, however, that that does not violate SAA.

The trial court instructed the jury that

"as a matter [of law] under the Safety Appliance Act and under the regulations having application [thereto], * * * there is no specific requirement that a boxcar ladder have a stile extension above the top rung of the ladder * * *."

---

[1] 45 USC § 11 provides, in part:

"It shall be unlawful for any common carrier subject to the provisions of sections 11 to 16 of this title to haul, or permit to be hauled or used on its line, any car subject to the provisions of said sections not equipped with appliances provided for in said sections, to wit: All cars must be equipped with secure sill steps and efficient hand brakes; all cars requiring secure ladders and secure running boards shall be equipped with such ladders and running boards, and all cars having ladders shall also be equipped with secure handholds or grab irons on their roofs at the tops of such ladders * * *."

[2] Stiles are the long side pieces of a ladder joined by the rungs. By "stile extension," we refer to a part of the stile which extended several inches above the top rung of the ladder involved in this case.

Plaintiff contends that that instruction was erroneous. Defendant answers that the instruction was not erroneous, but, even if it was, that plaintiff's exception to the instruction was satisfied by another instruction given the jury.[3]

■ FELA provides a remedy "basically * * * predicated only upon negligence." *O'Donnell v. Elgin, J. & E. Ry. Co.,* 338 US 384, 391, 70 S Ct 200, 94 L Ed 187 (1950). SAA, however, provides a cause of action predicated on a statutory violation but remedied through FELA. *O'Donnell v. Elgin, J. & E. Ry. Co., supra.* SAA requires railroads to equip cars with the safety appliances prescribed by statute or regulations.[4] The SAA duty is absolute, and it is not excused by any showing of care, however assiduous. *Brady v. Terminal R. Ass'n of St. Louis,* 303 US 10, 15, 58 S Ct 426, 82 L Ed 614 (1938).

■ To prevail on his SAA claim, plaintiff must prove a violation of SAA which caused injury. If there are no factual issues concerning the placement, condition or operation of a safety appliance, the violation question is one of law for the court. *Affolder v. New York, C. & St L. Co.,* 339 US 96, 70 S Ct 509, 94 L Ed 683 (1949); *Grothusen v. National R. R. Passenger Corp.,* 603 F Supp 486, 488 n 5 (ED Penn 1984). If a violation exists as a matter of law, only the causation and damage issues go to a jury. *Carter v. Atlanta & St. A. B. R. Co.,* 338 US 430, 434-435, 70 S Ct 226, 94 L Ed 236 (1949).[5]

Defendant admits that the stile extension was bent. It argues however, that, because extensions are not specifically required by the regulations and are not necessary to make a ladder secure, a bent one is not a violation of SAA.

---

[3] Defendant argues that the following jury instruction corrected any possibly misleading language in the challenged instruction:

"Safety Appliance Standards set by Federal Agencies such as the Federal Railroad Administration are minimum standards only and, though you may find that the safety appliance in question complied with the standard, you may, nevertheless, find the defendant violated the Act, if you find that the ladder was insecure."

*See Mosco v. Baltimore & Ohio R. R.,* 871 F2d 1088 (4th Cir 1987); *Sheehy v. Southern Pacific Transp. Co,* 631 F2d 649 (9th Cir 1980). Although that instruction states that the statute may be violated even though the regulations have not been violated, it does not correct the misleading language about the requirements of SAA.

[4] The regulations concerning ladders on boxcars are found at 49 CFR § 231.1(e).

[5] Plaintiff did not offer an instruction that SAA had been violated as a matter of law.

Plaintiff argues that, even though the regulations do not require stile extensions, SAA mandates that ladders be secure in all aspects. Therefore, by instructing the jury that SAA and the regulations under it do not specifically require stile extensions on ladders, the court effectively instructed the jury that the bent extension did not violate SAA, precluding recovery under that theory.

██ It is irrelevant that neither SAA nor the regulations specifically require extensions. The regulations list and standardize appliances required for the safety of railroad workers. Those regulations set only *minimum* standards. The specific requirements of the regulations may be met and yet SAA may be violated. *Shields v. Atlantic Coast Line Railroad Co., supra,* 350 US at 323. Although the regulations do not specifically mention stile extensions, SAA requires that boxcar ladders be "secure." Under the act, "secure" has been defined as safe, *see Shields v. Atlantic Coast Line Railroad Co., supra,* 350 US at 324, and "without defect." *See Cusson v. Canadian Pac. Ry. Co.,* 115 F2d 430, 432 (2d Cir 1940). Once a ladder with stile extensions has been provided, the extensions must be as secure as the rest of the ladder. *See Shields v. Atlantic Coast Line Railroad Co., supra; Grothusen v. National R. R. Passenger Corp, supra,* 603 F Supp at 489. It is conceded here that one stile extension was bent, that is to say, defective.

Jury instructions should be read as a jury might reasonably have understood them. *Riley Hill General Contractor v. Tandy Corp.,* 82 Or App 458, 461, 728 P2d 577 (1986), *aff'd* 303 Or 390, 737 P2d 595 (1987). The challenged instruction does not directly preclude the jury from considering the extension. We cannot determine whether the jury understood that it could consider the defect to be a violation of SAA. However, we conclude that the jury may reasonably have understood that the stile extension defect could *not* be considered in determining whether the ladder was secure. Therefore, giving the challenged instruction was reversible error.

██ Defendant's cross-assignment[6] raises the issue of whether the trial court erred in not directing a verdict for

---

[6] When a party which prevailed below argues that the court erred in failing to grant a directed verdict, a cross assignment of error is proper on appeal. *See Artman v. Ray,* 263 Or 529, 534, 501 P2d 63 (1972).

defendant on plaintiff's SAA claim. Defendant relies on *Grothusen v. National R.R. Passenger Corp., supra.* Viewing the evidence in the light most favorable to plaintiff, *Simpson v. Sisters of Charity of Providence,* 284 Or 547, 549, 588 P2d 4 (1978); *Gerke v. Burton Enterprises, Inc.,* 80 Or App 714, 718, 723 P2d 1061 (1986), we conclude that defendant's contention is not well taken. *See Shields v. Atlantic Coast Line R. Co., supra.*[7]

Reversed and remanded.

---

[7] The jury could have found that SAA was violated, because the stile extension was bent. Further, the jury could have found SAA violations without considering the bent stile. Dixon, a federal railroad inspector, testified that the ladder violated regulations because of a loose "huckbolt" and inadequate clearance between the ladder and the side of the car. The jury could have found a violation on the basis of that testimony alone. Therefore, it was not error to deny defendant's motion for directed verdict.