## CIRCUIT COURT OF CHESTERFIELD COUNTY

Ralph Krause

    v.

Norfolk Southern Ry. Corp.

May 25, 1999

Case No. CL97-121

BY JUDGE WILLIAM R. SHELTON

On January 22, 1999, the parties appeared by counsel on the plaintiff's Motions for a New Trial and to Set Aside the Jury Verdict and the defendant's Motion for an Order to Show Cause. The Court took these matters under advisement. Upon argument of counsel and consideration of the applicable statutory and case law, the Court will rule as follows.

### Plaintiff's Motion for a New Trial

The plaintiff's motions for a new trial for failure of the Court to strike two jurors and for excluding the testimony of plaintiff's expert are denied.

The plaintiff's motions for a new trial due to the admission of retirement benefit evidence by the defendant's economist and admission of evidence of the firing of the plaintiff and the administrative appeal process were not addressed at the hearing. Therefore, the Court shall deny these motions.

The plaintiff's motion for a new trial based upon the Court's striking evidence of the Safety Appliance Act is denied. The Court has reviewed the *Angell, Shaffer,* and *Deans* cases, which examine the definition of "in use" pursuant to the Safety Appliance Act. 49 U.S.C. §§ 20301-20306 (1997). It is well settled that to find liability pursuant to the Safety Appliance Act, a train must be "in use" at the time of the accident or injury. See *Deans v. CSX Transp., Inc.,* No. 97-2731, 1998 U.S. App. Lexis 18544, at * 4 (4th Cir. Aug. 11, 1998) ("Absolute liability under the Act only attaches, however, if the train is 'in use' at the time of the accident."); see also, *Brady v. Terminal R.R.*

*Ass'n*, 303 U.S. 10 (1938); *Trinidad v. Southern Pacific Transp. Co.*, 949 F.2d 187 (5th Cir. 1991).

The Fourth Circuit addressed whether a railroad engine was "in use" pursuant to the Boiler Inspection Act in *Angell v. Chesapeake & Ohio Ry.*, 618 F.2d 260 (4th Cir. 1980). The Court found that the engine was "in use" when an injury occurred after the inspection, repair, and servicing of railroad equipment had taken place. See *id.* at 262. The Court noted that the engine was in the process of being moved to another track to later pull a train at the time the injury occurred.

In *Shaffer v. Union Pacific R.R.*, 923 F. Supp. 167 (D. Ore. 1996), the U.S. District Court for the District of Oregon found a locomotive was "in use" for the purposes of the Safety Appliance Act where the injured railroad employee was working on a crew to build the locomotive's outbound power. The Court noted that another crew had previously inspected, serviced, and repaired the locomotive.

In *Deans v. CSX Transp., Inc.*, No. 97-2731, 1998 U.S. App. Lexis 18544 (4th Cir. Aug. 11, 1998), the Fourth Circuit Court of Appeals ruled that in determining whether a train is "in use" for the purposes of the Safety Appliance Act, the primary factors for consideration are where the train was located at the time of the accident and the activity of the injured party. See *id.* at * 8. The Fourth Circuit found that where a train was prepared for imminent departure and the injured party was hurt while preparing to put the train into motion rather than during repair or maintenance of the train, the train was considered "in use" for purposes of the Safety Appliance Act.

In the present matter, the Court finds that by the plaintiff's own admission, he was performing miscellaneous inspection duties of the railroad cars at the time of his injury. The plaintiff stated that the inspection was *not* a pre-departure inspection, and the evidence reveals that the train was not prepared for imminent departure. Therefore, it is the opinion of this Court upon examination of all circumstances that the train was not "in use" at the time of the injury. The plaintiff's Motion for a New Trial and to Set Aside the Verdict is denied.

### *Defendant's Motion for Order to Show Cause*

The defendant's Motion for an Order to Show Cause why plaintiff should not be held in contempt for failure to comply with the Court's previous order and produce a recorded statement of Kevin Glover is sustained. The Court finds that after the trial on August 13, 1998, plaintiff's counsel represented that they would make the tape recorded statement available to the defendant

within thirty days. The Court further finds that the plaintiff has failed to provide the tape to the defendant. The Court is not persuaded by the plaintiff's argument that he never intended to provide the tape and only agreed to provide the statement because he had just "been beaten [in court]" and he "wanted to get out." Therefore, the Court finds the plaintiff in contempt for failure to comply with the Court's previous ruling.